**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                              Criminal No. 11-cr-06-JL

Brian Mahoney

**ORDER OF DETENTION PENDING TRIAL**

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on February 8, 2011, for the purpose of determining whether to detain the defendant. The court issued its detention order orally from the bench. This written order summarizes the court's findings and rulings.

LEGAL STANDARDS

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2). United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988). In this case, the government invokes § 3142(f)(1)(E), asserting that a detention hearing is warranted because the defendant is charged with failure to register under 18 U.S.C. § 2250.[1]

---

[1] The government also sought detention pursuant to 18 U.S.C. § 3142(f)(2)(A) and (B).

In this case, the defendant is charged by indictment with failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). That charge satisfies the parameters of § 3142(f)(1)(E), and, accordingly, the detention hearing was appropriately requested.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and/or the safety of any other person and the safety of the community ("dangerousness"). 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community. Patriarca, 948 F.2d at 793. For its part, the

government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence. See id. at 792-93.

For the reasons stated herein and on the record, and after considering the proffers of counsel and the factors set forth in 18 U.S.C. § 3142(g), the court finds that the defendant's release, even on strict conditions, presents a serious risk of danger to the community.

Specifically, with respect to dangerousness, the court weighed the following:

- <u>The nature and circumstances of the offense charged.</u> The defendant is charged with having failed to register as a sex offender, an offense that gives the government the right to move for defendant's detention under 18 U.S.C. § 3142(f).

- <u>The weight of the evidence against the defendant.</u> According to the government's proffer, the weight of the evidence against the defendant is strong.

- <u>Defendant's criminal record.</u> The defendant's record is extensive (34 convictions) and includes numerous convictions for violent conduct. It is clear from defendant's criminal record that he is unable to abide by the law. The longest time gap between convictions is

3

> seven years, which gap is attributable to defendant's incarceration for the conviction underlying this indictment.

- <u>Defendant's post-arrest statement.</u>  According to the government's proffer, defendant, after his arrest, made the following statement to the deputy U.S. Marshal: "You should have shot me; you're lucky I didn't have my gun with me."  Although there was no evidence presented that defendant possessed, or possesses, a gun, such a threatening statement is consistent with defendant's record and history of violence.

On the basis of the foregoing, the court concludes that the defendant is a danger to the community.[2]

Thus, for all of these reasons, the court finds that the government has met its burden to prove that no condition or combination of conditions will reasonably assure the safety of the community.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent

---

[2] With respect to the government's arguments under 18 U.S.C. § 3142(f)(2)(A) and (B), the court finds the government did not meet its burden under any of those sections of the statute.

practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation wi-th defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

    **SO ORDERED.**

                                                          _____
                                                      Landya B. McCafferty
                                                      United States Magistrate Judge

Date: February 9, 2011

cc: Jeffrey S. Levin, Esq.
    Arnold H. Huftalen, Esq.
    U.S. Marshal
    U.S. Probation