UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**UNITED STATES OF AMERICA**

    **v.**                                                           **1:11-cr-0006-JL-01**

**BRIAN MAHONEY**

### MOTION TO STRIKE *PRO SE* MOTION TO DISMISS, DOCKET # 9

The defendant is represented by counsel; initially by Assistant Federal Defender Jeffrey Levin and now by Attorney Paul Garrity.

While at a hearing on February 17, 2011 the defendant handed a *pro se* Motion to Dismiss to the Court.

The Court advised the defendant that the Motion would be read.

On February 18, 2011 an ecf notice issued which said, "Minute Entry for proceedings held before Judge Joseph N. Laplante: MOTION HEARING as to Brian E. Mahoney held on 2/18/2011 re [8] Assented to MOTION for Hearing Re: Status of Counsel. Oral Order granting [8] Motion; new counsel to be appointed. Pro se Motion to Dismiss taken under advisement. ... ."

Also on February 18th the *pro se* Motion filed by the defendant was docketed, as Docket #9, and an ecf Notice issued stating, "MOTION to Dismiss Case by Brian E. Mahoney. Served on February 18, 2011 via CM/ECF docketing. Follow up on Objection on 3/7/2011. (Attachments: # (1) Affidavit of Brian Mahoney) ... ."

Also on February 18th the Court appointed Attorney Paul

Garrity to represent the defendant.

Local Rule 4.3(e) of the United States District Court for the District of New Hampshire specifically prohibits the filing of pleadings by defendants who are represented by counsel, except in limited circumstances where either the Court grants a Motion for leave to file a *pro se* pleading, or where the defendant files a Motion relating to the status of counsel, neither of which is the case here. The Court has not held a hearing to determine whether the defendant is capable of making an informed decision concerning *pro se* representation. In fact, the defendant has not requested that he be allowed to proceed *pro se*.

Rule 4.3(e) affirmatively instructs that any pleadings filed *pro se* by a person represented by counsel "shall not be added to the court's docket or presented to a judicial officer for ruling ... ." LR 4.3(e).[1] Although Local Rule 4.3(e) is a Civil Rule, Local Criminal Rule 1.1(d) makes it applicable to Criminal Proceedings.[2] The *pro se* Motion to Dismiss should not have been

---

[1] LR 4.3(e) states, "Pleadings Filed by Represented Parties. Any litigant who is represented by an attorney may not file a pleading in a case unless:
(1) The court grants a motion for leave to file a pro se pleading; or
(2) The litigant is filing a motion related to the status of counsel.
Any pro se pleading that does not comply with this rule shall not be added to the court's docket
or presented to a judicial officer for ruling and shall be returned to the filer."

[2] 1.1 General Rules
. . .
(d) Scope. LCrR 1.1 - 58.1 shall govern the procedure in all

accepted and docketed, and it should be stricken from the docket with leave for counsel to re-file the Motion if he deems it to be meritorious.

The undersigned submits that the applicable Local Rules have been implemented by the Court, presumably after serious consideration given to the consequences that may flow from *pro se* filings not vetted through counsel of record. The filing of such unsanctioned pleadings not only creates additional, unnecessary work for the Court and opposing counsel, but also runs the very real risk of inuring to the detriment of the unschooled defendant who is allowed to file them.[3] Because neither of the exceptions to LR 4.3(e) are present in this case, the government submits that the Court should enforce the Local Rules and strike the

---

criminal actions. Civil local rules shall apply insofar as they do not conflict with any statute, federal or local criminal rule, or individual order. The following civil/general local rules shall apply in criminal actions: Rules 1.1(c),(d) and (g), 1.2 - 1.3, **4.3(e)**, 4.4 - 5.4, 7.1(a),(c), (d) and (e), 7.2(a),(c) and (e), 7.3, 39.1, 39.3, 40.2, 45.1 - 47.3, 54.1, 65.1.1, 67.2 - 67.4, 72.1, 72.2, 77.1, 77.3,77.5, 77.6, 80.1, 83.1, 83.2(a),(b) and (d), 83.3 - 83.5, 83.6(a)-(c), and (e), 83.7 -83.12, 83.13(b)-(e), 83.14. (Emphasis added).

[3] In this case, the defendant, who is clearly unschooled in matters of the law (and may be incompetent to stand trial or to assist in his own defense, but that will be the subject of a separate pleading soon to be filed) has attached an Affidavit that purports to have been sworn to under the pains and penalties of perjury. Only because the Motion with the attached Affidavit has been docketed in violation of LR 4.3(e) has the Affidavit come to be in the hands of the government. If this case proceeds to trial the government may make use of at least one of the statements contained in that Affidavit. It is most unlikely that counsel would have provided the government with the Affidavit in support of a Motion to Dismiss.

Motion from the Docket.

WHEREFORE the government respectfully requests that the *pro se* Motion to Dismiss, Docket #9, be stricken from the Court Docket, with leave for counsel of record to re-file the Motion if he deems it meritorious.

February 22, 2011                    Respectfully submitted,
                                     John P. Kacavas
                                     United States Attorney
                                 By: /s/ Arnold H. Huftalen
                                     Arnold H. Huftalen
                                     Assistant U. S. Attorney
                                     NH Bar No. 1215
                                     53 Pleasant St., 4th Floor
                                     Concord, NH 03301-3904
                                     (603) 225-1552
                                     arnold.huftalen@usdoj.gov

## Certificate of Concurrence or Non-concurrence

Undersigned counsel was unable to reach counsel of record, Paul Garrity, and therefore does not know his position with respect to this Motion. No attempt was made to contact the defendant directly because he is represented.

## Certificate of Service

I certify that the above Motion to Strike has been filed electronically, this date, and has thereby been served upon counsel of record, Paul Garrity, via ecf filing notice.

                                     /s/Arnold H. Huftalen
                                     Arnold H. Huftalen
                                     Assistant U.S. Attorney