UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

NO. 11 CR 06 01 JL

V

BRIAN E. MAHONEY

## MOTION TO DISMISS INDICTMENT

The defendant, Brian Mahoney, through counsel, moves the Court to dismiss the Indictment against the defendant. The Indictment in this case is fatally defective because the pleading fails to inform the defendant of what he is alleged to have done to make him guilty of the charge against him. Trial on this Indictment would violate the Defendant's Constitutional rights under Amendments V and VI to the United States Constitution.

In the alternative, should the Court decline to grant the defendant's motion, the defendant moves for a bill of particulars on the same basis, pursuant to Fed. R. Crim. P. 7(f). The Court has broad discretion to grant the defendant's request for alternative relief. Will v. Untied States, 389 U.S. 90, 98-99 (l967).

The Indictment charges the defendant, Brian E. Mahoney, with violating the provisions of 18 U.S.C. Section 2250,Failure to Register. The statute provide in relevant part a follows:

(a) In general. Whoever-

(1) Is required to register under the Sex Offender Registration and Notification Act;

(2)
(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice [10 USCS Section 801 et seq.]), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

>   (3) knowingly fails to register or update a registration as required by the Sex Offender

shall be fined under this title or imprisoned not more than 10 years, or both.

The Indictment in this case parrots the statute and charged that:

Between on or about July 31, 2010 an November 5, 2010, in the Districts of New Hampshire and Massachusetts, the defendant, Brian E. Mahoney, an individual required to register under the Sex Offender Registration and Notification Act, who traveled in interstate commerce from the State of New Hampshire to Massachusetts, knowingly failed to update his ex offender registration in the State of New Hampshire, as required by the Sex Offender Registration and Notification Act. In violation of Title 18, United States Code, Section 2250(a).

*See* Indictment, attached as Exhibit A.

Rule 7(c )(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charges." Fed. R. Crim. P. 7.1(c ). An indictment "should lay out the elements of the charge and the factual circumstances underlying them." United States v. Elliott, 689 F. 2d 178, 180 (10th Cir. 1982). An indictment is only sufficient "if it specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend, and allows him to contest it without fear of double jeopardy." United States v. Eirby, 262 F.3d 31,38 (1st Cir. 2001).

Whether the indictment recites the elements of the charge is but part of the sufficiency test. An indictment must contain the elements, and it must "sufficiently inform the defendant of the charge against which he must be prepared to meet." Russell v. United States, 369 U.S. 749, 82 S. Ct. 1038, 1047 (1962). [1] In Russell, the Supreme Court said, "Where guilt depends so

---

[1] The Sixth Amendment requires the government to inform the accused "of the nature and cause of the accusation," United States v. Murphy, 762 F.2d 1151, 1154 (1st Cir. 1985) (quoting United States v. Tomasetta, 429 F.2d 978, 979 (1st Cir. 1970)). And, the Fifth Amendment assures the defendant that the government will try him on the charges that the grand jury voted, not on some other "charges that are not made in the indictment against him." Stirone v. Untied States, 361 U.S. 212 (1960).

crucially upon a such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." 82 S. Ct. at 1047. While the language of the statute may be used in the general description of the offense, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling v. United States, 418 U.S. 87, 118 (1974). Although the indictment need not allege "every factual nugget necessary for conviction," it must provide "some means of pinning down the specific conduct at issue." United States v. Fassnacht, 332 F.3d 440, 445 (7th Cir. 2003). And although "an indictment parroting the language of a federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity." United States v. Resendiz-Ponce, 549 U.S. 102, 109 (2007) (citing Hamling, 418 U.S. at 117). The cases in which an indictment that parrots the statute is held to be insufficient turn on a determination that the factual information that is *not* alleged in the indictment goes to the very *core of criminality* under the statute. United States v. Kay, 359 F.3d 738 756-57 (5th Cir. 2004) (citing cases).

No facts are pleaded in the Indictment in this case, therefore there is no guide for the Court, the defendant, or the government to follow at trial. The Indictment simply parrots the language of the statute. There are no facts to inform the defendant, for example, of how exactly he is alleged to be an "individual required to register under the Sex Offender Registration and Notification Act." Section 2250 punishes "sex offenders" who fail to register or travel in interstate commerce. Title 42 U.S. C. Section 16911 defines "sex offender" as an individual who was convicted of a sex offense. Section 16911(1). There is no previous conviction alleged in the Indictment, and therefore no guide for the Court or the defendant as to how the government will prove that essential element.

The Indictment alleges that the defendant "traveled" in interstate commerce. But there is no allegation with regard to when that travel occurred – whether inside or outside of the statute of limitations, or whether before or after enactment of the Sex Offender Registration and Notification Act. The Indictment does not allege that the travel occurred within the specified dates – it simply identifies the defendant as "an individual…who traveled" at some unspecified point in time.

Further, the Indictment does not notify the defendant how or when he is alleged to have failed to register and update registration. The term "update" is not defined by the statute. Webster's Third New International Dictionary, 1976, pg. 2517, defines "update" as, "to bring up to date." The dictionary uses the term in a sentence: "[T]he motel is like the roadside inn of old, *updated* and lavished with glamour." To "update" therefore means to change information or attributes to reflect any changes. This is a crucial element, and there is nothing in the Indictment to inform the defendant as to how or when he is alleged to have failed to comply with his responsibilities.

The charging statute must be interpreted in light of other statutes which are contained in another Title of the United States Code, [2] as well as a plethora of guidelines, supplemental guidelines and federal regulations. [3] Only 18 U.S.C. Section 2250 is mentioned in the Indictment. Therefore, it is impossible to determine if the grand jury made its finding of probable cause based upon the entire statutory and regulatory matrix.

Moreover, while the government has charged a single offense, there are multiple instances of conduct within the alleged time frame which a trial jury might be persuaded were violate of the statute. The indictment states that it encompasses the time frame of July 3l, 2010,

---

[2] The Sex Offender Registration and Notification Act is codified at 8 U.S.C. Section 2250 and at 42 U.S.C. Section 16901 et seq.
[3] *See* 73 Fed Reg. at 38030-70; 76 Fed. Reg. at 1630-40; and 28 C.F.R. 72.3.

to November 5, 2010, but no specific conduct on any specific date is set forth.  Under This "minimalist" Indictment, and in the context of the vast and complex SORNA statutory scheme, there is a great risk that the grand jury may have had a concept of the offenses essentially different from that which will be relied upon by the government before the trial jury.  *See* United States v. Curtis, 506 F.2d 985, 989 (10th Cir. 1974).

The government could fee free at trial to present any of a myriad of claims, and without proper notice and guide for the defendant the defendant cannot adequately marshal a defense. The specificity demanded of indictments serves the purpose of protecting the accused's Sixth Amendment right to be informed of the "nature and cause" of the accusation.  United State v. Prentiss, 206 F.3d 960, 964 (10th Cir. 2000).  An indictment should not enable the government, as this one does, to be "free to roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal."  Russell, 82 S.Ct. at 1049.  As the Supreme Court in Russell v. United States, 369 U.S. 749 (1962) explained:

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.  For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

*Id*. at 770.

The indictment must enable the defendant to assert a double jeopardy defense at any subsequent proceeding.  United States v. Eirby, 262 F.3d 3l, 38 (1st Cir. 2001).  This the present Indictment does not do.

In U.S. v. Crawford, 2008 WL 895934(E.D. Okla. 2008), the district court granted he defendant's motion to dismiss a virtually identical indictment under SORNA due to its insufficiency.  The court was persuaded the indictment failed with regard to fair notice, and in

such a way that a bill of particulars would demonstrate, rather than correct, the defect *Id*. The court also noted that the charging statute must be interpreted in light of other statutes which are contained in another Title of the United States Code, and that only Section 2250 was mentioned in the indictment. *Id*. Therefore, it was impossible to determine if the grand jury made its finding of probable cause based upon the entire statutory matrix *Id*. Moreover, while the government charged a single offense, there were multiple instances of conduct within the alleged time frame which a trial jury might be persuaded were violative of the statute. *Id*. The indictment stated that it encompassed a broad time frame but that no specific conduct on specific dates was set forth. *Id*. In the context of the SORNA statutory scheme, the court saw great risk that the grand jury may have had a concept of the offenses essentially different from that which would have been relied upon by the government before the trial jury. *Id*. The court was thus persuaded that the circumstances warranted dismissal of the indictment on insufficiency grounds. *Id.*

The defendant did not seek the government's assent to this motion as it is a dispositive motion.  L.R. 7.1(c ).

No memorandum of law is attached, as all points and authorities are contained herein.

WHEREFORE, the defendant, through counsel, moves the Court to grant this motion and dismiss the Indictment in this case, and for such other relief as may be deemed just.

Should the Court decline to grant this motion, the defendant moves in the alternative for a bill of particulars on the same basis, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and for such other relief as may be deemed just.

>Respectfully submitted,
>Brian E. Mahoney,
>By his Attorney,

Date:  March 9, 2011        /S/Paul J. Garrity_____
>Paul J. Garrity
>14 Londonderry Road
>Londonderry, NH 03053
>434-4l06
>Bar No. 905

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, herein certify that on this 9th day of March, 2011, a copy of the within was e filed to the United States Attorney's Office.

>/S/Paul J. Garrity_____
>Paul J. Garrity