**NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO 6/22/11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                            \*
UNITED STATES OF AMERICA         \*
                                            \*  11-cr-6-1-JL
            v.                      \*  February 18, 2011
                                            \*  9:10 a.m.
BRIAN E. MAHONEY                \*
                                            \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE JOSEPH N. LAPLANTE

Appearances:

| | |
|---|---|
| For the Government: | Arnold Huftalen, AUSA<br>U.S. Attorney's Office<br>53 Pleasant Street<br>Concord, NH 03301 |
| For the Defendant: | Jeffrey Levin, AFPD<br>Federal Public Defender's Office<br>22 Bridge Street<br>Ralph Pill Building<br>Concord, NH 03301 |
| Probation Officer: | Cathy Battistelli |
| Court Reporter: | Sandra L. Bailey, LCR, CM, CRR<br>Official Court Reporter<br>United States District Court<br>55 Pleasant Street<br>Concord, NH 03301<br>(603)225-1454 |

```
 1                      BEFORE THE COURT
 2            THE CLERK:  The court has before it for
 3   consideration today a motion hearing in United States of
 4   America versus Brian Mahoney, Criminal Case Number
 5   11-cr-6-1-JL.
 6            THE COURT:  Good morning, Mr. Mahoney.
 7            THE DEFENDANT:  Good morning, your Honor.
 8            THE COURT:  You may remain seated.  That's no
 9   problem.  You can sit down.
10            I want to apologize to everybody for being
11   late.  I didn't know I had an 8:30 hearing and I got a
12   call driving up to work.  So, I'm sorry to keep you
13   waiting.
14            THE DEFENDANT:  That's quite all right, your
15   Honor.
16            THE COURT:  All right, I've read your letter
17   to Attorney Huftalen.  And your lawyer filed a motion to
18   evaluate the status of counsel.  In other words, you
19   don't want Attorney Levin to represent you anymore, is
20   that right?
21            THE DEFENDANT:  No, your Honor, there's a
22   couple of things that happened.  I do want to thank Mr.
23   Levin for at least giving me the opportunity to inform
24   me firsthand that he's never taken a case like this, and
25   I was --
```

 1              THE COURT:  Slow down, slow down, because if
 2   you -- I'm not going to ask you to continue with a
 3   lawyer that you don't want.  So don't worry about that.
 4              THE DEFENDANT:  That's correct, your Honor.  I
 5   have that right under the Sixth Amendment to the United
 6   States Constitution.
 7              THE COURT:  Not exactly, actually, but good
 8   enough for now, okay?  Have a seat.  Chill out.
 9              So we don't have to get into it too much, but
10   if you really want to talk to me about what the problems
11   you're having with Attorney Levin are what I'm going to
12   need to do is clear the whole courtroom so we can speak
13   privately.
14              THE DEFENDANT:  That's all right.  I won't do
15   that, your Honor, the confidentiality privilege law.
16              THE COURT:  But let me ask you this.  I mean,
17   the thing about it is, Mr. Levin is a very experienced,
18   very good lawyer, and when he -- if you're concerned he
19   doesn't have a lot of experience in cases like this, I
20   don't even know if that's true --
21              THE DEFENDANT:  He did inform me of that,
22   judge.
23              THE COURT:  Fair enough.  This is not a
24   complicated criminal case.  This is a case that's going
25   to require some looking into back records, some

4

1  investigation, but it's not -- it's not, you know, a
2  complicated case.  You've got a very, very experienced
3  able lawyer.  I'm happy to appoint you a different one
4  if you really, for whatever reason, don't want to
5  continue with him.  I'll do it.  I just want to make
6  sure you're thinking clearly, I guess, because it would
7  appear to me to be a decision that's not particularly
8  reasonable.  He represents more people in federal
9  criminal court than almost anybody in the state.  All
10 kinds of cases.  Big ones, small ones, cases in the
11 middle, all right?  Now, this is a big case to you, I
12 know I said it wasn't complicated, but to you it's a
13 huge case because we're talking about your life here.
14          THE DEFENDANT:  That's correct, judge.
15          THE COURT:  I get it.
16          THE DEFENDANT:  That's correct.  And when
17 we're talking about my life, judge, I still have a right
18 to the counsel of my choice.  If the court doesn't want
19 to, I've spoken to him about that, I do have a motion,
20 it's my fundamental right to counsel.  I can fire anyone
21 at all at any time as long as it's done ethically and
22 diligently.  I tried to fire him the first day, judge.
23          THE COURT:  Okay.  The only thing you have to
24 understand is this.  You do have a right to counsel of
25 your choice if you can afford counsel of your choice.

1   Now that doesn't mean I'm going to force you to continue

2   with a lawyer that you don't want.  I won't.

3              THE DEFENDANT:  Thank you.

4              THE COURT:  But, you have to understand that

5   it doesn't become, you know, lawyer of the week

6   situation like, in other words, you don't get to choose

7   any lawyer you want when the public is providing you the

8   lawyer.  You get -- usually if someone has a real

9   problem with a lawyer, I'll give them a new one, but it

10  isn't as if you can choose.  It's not of your choice

11  when it's provided by the public.  It's provided by the

12  public and you have a right to competent counsel.  You

13  can shake your head, but this is something I have a

14  little bit of experience with.  I know what the law

15  says.

16             THE DEFENDANT:  Right, judge.

17             THE COURT:  So, I don't mean to doubt you or

18  question you, the problem is -- here's the problem.  If

19  I appoint you a new lawyer, I can almost guarantee you

20  it's not going to be someone who is more experienced and

21  able and smart and hard working than this man.

22             Are you in a position to get your own lawyer?

23             THE DEFENDANT:  Your Honor, I'm held on

24  pretrial detention with no bail for a charge I was

25  acquitted for 27 years ago.  Why don't we do this,

```
 1   judge, go halfway.  Release me today, yes, then I will
 2   be able to afford my own lawyer.  When I am held
 3   unconstitutionally in prison on a detention, this man
 4   called my family and stated I have no place to go, that
 5   is a problem, judge, and as long as we're going to have
 6   that problem of being held on detention for a charge I
 7   was acquitted for 27 years ago, well, that is an issue
 8   and that is a very serious problem, and I have to sit
 9   here, judge, and I had to listen to this prosecutor
10   state a record of another Brian Mahoney.  When you look
11   at minutes at Hillsborough County where I was held, too,
12   for four days, I says, you know, where did you get that
13   Social Security number and date of birth.  I saw the
14   indictment and it was a different name and different
15   Social Security number, judge.  So that is a serious
16   problem when you have an indictment which is not only
17   defective, is down right brutally false and untrue.
18   That is a serious problem.  So I'm going to ask the
19   court this much.  Why don't we do this, judge, why don't
20   you release me today on this pretrial detention where I
21   do have a place to go, 14 Adelle Drive, and I will
22   assure you this.  I can afford my own lawyer and I will
23   get my own appointed counsel, judge, but as far as being
24   held unconstitutionally, I'm being held against my --
25                THE COURT:  Well, you have to understand.  Sit
```

                                                                      7

 1   down.  Sit down.  I can't have you jumping up and down
 2   like this.
 3             THE DEFENDANT:  I'm just standing up because
 4   the --
 5             THE COURT:  I'm giving you permission to sit
 6   down.
 7             THE DEFENDANT:  Okay.  Thank you, judge.  I
 8   always stand up --
 9             THE COURT:  You're making people nervous when
10   you jump up like that.
11             THE DEFENDANT:  Sorry, judge.
12             THE COURT:  Okay.  Now, what I don't
13   understand is this --
14             MR. LEVIN:  Your Honor, can I just make a
15   request.  If we're going to have a colloquy between --
16             THE COURT:  We're not going to have a
17   colloquy.
18             MR. LEVIN:  -- and the defendant, that we seal
19   the courtroom and do it on an ex parte basis for his
20   protection.
21             THE COURT:  No.
22             THE DEFENDANT:  Thank you, judge.
23             THE COURT:  Not yet.  I need to understand
24   this.
25             THE DEFENDANT:  Yes, judge.

 1              THE COURT:  Why would releasing you put you in
 2     a better position to hire the counsel of your choice if
 3     you have family.  I mean, you can hire counsel -- people
 4     hire counsel from detention every day.
 5              THE DEFENDANT:  So I'll be able to get my --
 6     I'm on SSDI, judge, and only seven checks, there's
 7     8,000, it was stopped because I had a warrant placed on
 8     me, judge, so I would be able to go back and get my
 9     checks back on and be able to get my SSDI back on --
10              THE COURT:  No, you're not going to be able to
11     hire a lawyer on your SSDI.
12              THE DEFENDANT:  But, judge, you know what, I
13     will make it simpler.  I will represent myself pro se if
14     the court would --
15              THE COURT:  I would prefer to appoint a new
16     lawyer for you.
17              THE DEFENDANT:  Thank you, judge.
18              THE COURT:  Have you sit down with the lawyer.
19     If it turns out we're in this situation again --
20              THE DEFENDANT:  I can always resort to the
21     fact that I can go pro se, judge.  The Sixth Amendment
22     says I have a right to do my own trial and I have a
23     right to a fair and impartial judge.  This is a jury
24     demand trial.
25              THE COURT:  You are correct.

9

1        THE DEFENDANT:  I went to Suffolk University
2   Law School.  I think I'm more than correct.  I do know
3   the law somewhat.
4        THE COURT:  Yeah, well, you certainly are
5   entitled to represent yourself if that's what you want
6   to do.
7        THE DEFENDANT:  Let's see what this next
8   appointment of counsel is and I'll show him the
9   irrefutable evidence and compelling evidence, judge,
10  that this case shouldn't even be brought forward before
11  the federal courts at all.  And I had to sit and had to
12  listen to another Brian Mahoney.  I had to look at the
13  indictment, and indictment says another Social Security
14  number and date of birth.  That's brutal.  That's down
15  right brutal.
16       THE COURT:  I'm going to appoint you counsel.
17       THE DEFENDANT:  Thank you, judge.
18       THE COURT:  All right?  So that's so ordered.
19  The motion to -- well, the motion to determine status of
20  counsel filed on your behalf by Attorney Levin is
21  granted.  I'm going to order the appointment of new
22  counsel.  This is not a reflection on Attorney Levin in
23  any way, shape or form.
24       THE DEFENDANT:  No, no, not at all, judge.
25       THE COURT:  But we will move forward with new

```
 1   counsel.  We will get you an appointed one.  Your new

 2   lawyer will come to see you.  You can talk and get this

 3   case underway.

 4           THE DEFENDANT:  Thank you, judge.  And I do

 5   have a motion, judge, that I want to enter since I'm pro

 6   se for this motion to dismiss.

 7           THE COURT:  I'm going to ask the court

 8   security officer to take that from you and hand it to

 9   me.

10           THE DEFENDANT:  That is a motion, since I am

11   pro se for this instance, that motion can be offered

12   into court right now.  And I think when you read that,

13   judge, I think you will grant the motion to dismiss.

14           THE COURT:  I will take it under advisement.

15   I promise you I'll read it today.

16           THE DEFENDANT:  Thank you, judge.

17           THE COURT:  All right?

18           THE DEFENDANT:  And any other evidence you

19   need, I have it right here.

20           THE COURT:  Any other questions you have for

21   me?

22           THE DEFENDANT:  No, judge, that's it.  I hope

23   that we get counsel soon and then I'll be looking for a

24   show cause hearing on this matter before trial.  Trial

25   is set for April 5th and I am ready to pick a jury and I
```

1   do have 47 witnesses and I'm ready, judge, and I do know
2   that the federal prosecutor has three continuances.  If
3   he files a motion to continue on April 5th, judge, I'm
4   going to ask that I be released on pretrial detention.
5   And I think that's only fair because I have not seen
6   any, any discovery or anything for what he did.  He went
7   to the grand jury without any supporting affidavit.
8   That's hard to believe.  So I would ask the court to
9   take another look into this --
10              THE COURT:  You can only do one thing at a
11  time here.  I understand you.  We can't litigate your
12  whole case this morning.
13              THE DEFENDANT:  No.  But I can give you some
14  of the points
15              THE COURT:  I've got to start a trial.
16  Everybody is waiting and we're all ready to get started.
17  But listen, I promise, don't worry, you're going to get
18  a new lawyer, you're going to get your appointment with
19  a new lawyer and you can talk to your new lawyer about
20  all these problems.
21              THE DEFENDANT:  Thank you, judge.
22              THE COURT:  So the motion will be granted.
23  New counsel will be ordered.  And we are in recess
24  briefly and we will get the trial started as soon as you
25  guys can set up.

1    THE DEFENDANT:  Thank you, your Honor.
2    (Adjourned at 9:20 a.m.)
3
4
5
6                C E R T I F I C A T E
7
8    I, Sandra L. Bailey, do hereby certify that
9    the foregoing transcript is a true and accurate
10   transcription of the within proceedings, to the best of
11   my knowledge, skill, ability and belief.
12
13
14   Submitted: 3/24/11         _____
15                              **SANDRA L. BAILEY, LCR, CM, CRR**
16                              LICENSED COURT REPORTER, NO. 15
                                STATE OF NEW HAMPSHIRE
17
18
19
20
21
22
23
24
25