UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**UNITED STATES OF AMERICA**

    **v.**                                            **1:11-cr-006-JL-01**

**BRIAN MAHONEY**

**OBJECTION/RESPONSE TO MOTION TO DISMISS INDICTMENT, DOCKET #12**

    The defendant has filed a Motion to Dismiss in which he alleges the Indictment does not provide sufficient facts to allow him to defend himself.  The majority of the Motion seeks alternatively that the Court order the government to provide a Bill of Particulars.

    The defendant alleges that the Indictment is factually deficient in three respects.  The government is providing here the factual information sought and therefore respectfully requests that the Court deny the Motion to Dismiss and deny that portion of the Motion that seeks a Bill of Particulars as moot.

    First, Mr. Mahoney complains that there are no facts explaining how he is "an individual required to register under the Sex offender Registration and Notification Act" (Motion to Dismiss, Docket Item #12 at p.3) and specifically complains that "[t]here is no previous conviction alleged in the Indictment, and therefore no guide for the Court or the defendant as to how the government will prove that essential element."  Docket Item #12 at p.3.

On September 23, 1983, in Suffolk Superior Court in the Commonwealth of Massachusetts, the defendant was convicted by a jury of Assault with Intent to Rape and was sentenced to a minimum 8 years and a maximum 12 years in State Prison. As a result of that conviction the defendant is an individual required to register under the Sex offender Registration and Notification Act.

Second, Mr. Mahoney complains "[t]he Indictment alleges that the defendant 'traveled' in interstate commerce. But there is no allegation with regard to when that travel occurred ... ." Docket Item #12 at p.4.

The testimony at trial will include that at a date uncertain, but on or about July 31, 2010, the defendant traveled from the State of New Hampshire to Massachusetts where he did then reside. On November 5, 2010, at the time of his arrest in Massachusetts, Mr. Mahoney stated that he had taken a bus from New Hampshire to Massachusetts on July 31, 2010 and had lived in Massachusetts since that date. To the extent there is other evidence discovered that bears on the date or dates of travel it will be turned over as ongoing discovery is produced.

Third, Mr. Mahoney complains that "the Indictment does not notify the defendant how or when he is alleged to have failed to register or update registration." Id.

Mr. Mahoney started registering as a sex offender in New

Hampshire as early as 2006. After several years of registering (and failing to register, for which he has been previously convicted) on March 17, 2010 Mr. Mahoney signed a State of New Hampshire, Sex Offender Registry, Offender Registration Information form (with a box checked off indicating "Registration," as opposed to the other option "Change of Information") listing his legal address as "Homeless" with a mailing address of PO Box 2071, Dover, NH 03820. On that form Mr. Mahoney acknowledged by his initials and by his signature that he understood, among other things, that: 1) his "residence" means "a place where I am **living or temporarily staying** for more than a total of 5 days during a one-month period, ..." (emphasis in original); 2) if he changed his residence he "shall report **in person** to the law enforcement agency having jurisdiction over [his] **previous** place of residence ... within **5 business days**" (emphasis in original); 3) if he changes his residence "to a place **outside New Hampshire** [he] shall report within **10 business days** after reporting the change of residence ... to the New Hampshire law enforcement agency, report to the appropriate out-of-state law enforcement agency having jurisdiction over the new place of residence ... ." (emphasis in original).

    On April 2, 2010 Mr. Mahoney updated his sex offender registration when he changed his residence by signing a State of New Hampshire, Sex Offender Registry, Offender registration

Information form (with a box checked off indicating "Change of Information," as opposed to the other option "Registration") listing his legal address as 86 Ashworth Ave Apt. #5, Hampton, NH 03842.  That April 2, 2010 form contains all the same acknowledgments initialed and signed by Mr. Mahoney as referenced above in the March 17, 2010 form.

On May 24, 2010 Mr. Mahoney again updated his registration and reregistered with his address of 86 Ashworth Ave Apt. #5, Hampton, NH 03842.  On June 16, 2010 Mr. Mahoney again updated his registration and reregistered with a Change of Information, changing his address to Rosewood Inn, 150 Lafayette Rd., Rye, NH 03870 #20.  On June 18, 2020 Mr. Mahoney again updated his registration and reregistered with a Change of Information but kept his address the same.

All of the forms referenced above contain a box checked on the bottom of page one that is set apart from other text on the page that states "I am required to reregister **four** times a year.  I must register as noted below."  (emphasis in original).

Because Mr. Mahoney's birth month is May he was required to, and had acknowledged many times that he must, reregister in May, August, November and February.  After signing the form on June 18, 2010 Mr. Mahoney did not again reregister in New Hampshire.  He failed to reregister in the month of August; he did not register at any time after June 18, 2010.

Additionally, when Mr. Mahoney moved to Massachusetts he was required to register in Massachusetts, but as he had acknowledged many times he was also required to update his registration in New Hampshire by notifying New Hampshire of his change of residence. He did not do either.

On November 5, 2010, Mr. Mahoney was arrested in Massachusetts. At the time of his arrest he was not registered as a sex offender in Massachusetts and he had not updated his sex offender registration in New Hampshire.

Although the defendant's Motion is captioned as a Motion to Dismiss, it is, in reality a Motion for a Bill of Particulars. If the Court were to dismiss the Indictment, it would, absent extraordinary reasons not present here, be without prejudice. If that were to happen, the government would immediately bring new charges against the defendant for his alleged violation of Title 18 U.S.C. §2250. That would be wasteful use of Court resources and therefore the Motion to Dismiss should be denied.

As for a Bill of Particulars, where the defendant has the information available to him the Court need not grant a Motion for Bill of Particulars. The Court can, and should, deny the Motion as moot. In U.S. v. Sepulveda, 15 F.3d 1161, 1193-94 (1st Cir. 1993) the First Circuit noted that

> [m]otions for bills of particulars are seldom employed
> in modern federal practice. When pursued, they need be
> granted only if the accused, in the absence of a more
> detailed specification, will be disabled from preparing

a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause. See United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir.) (collecting cases), cert. denied, 503 U.S. 994, 112 S.Ct. 1695, 118 L.Ed.2d 406 (1992). We review refusals to require such bills under an abuse-of-discretion test. See United States v. Hallock, 941 F.2d 36, 40 (1st Cir.1991).

In Sepulveda the Court went on to note that the appellants had enjoyed "the benefits of modified open-file discovery, i.e., automatic discovery that encompassed all relevant data except Jencks Act material related to witnesses not employed in law enforcement" and that neither "appellant convincingly relate[ed] a concrete instance of inability to prepare, untenable surprise, or other cognizable prejudice stemming from the trial court's refusal to mandate further particulars." Id at 1194.

In this case, with virtual open file discovery, and with the information provided herein, there is no need to grant the alternative relief sought in the Motion to Dismiss, that is, for a Bill of Particulars.  The facts that the defendant has complained were lacking in the Indictment have been produced here.[1]  Consequently, the alternative relief sought by the defendant is moot.

---

[1] All information provided by the government here was made available to defense counsel at the time of the detention hearing.  However, shortly thereafter new counsel was appointed.  Nonetheless, with the information provided here, and through discovery, which will be ongoing, the defendant has, or will have, all factual information within the government's possession or control, which will allow him to defend this case or to plead double jeopardy.

WHEREFORE the government respectfully requests that the Court deny the Motion to Dismiss, and deny that portion of the Motion that seeks a Bill of Particulars, as moot.

April 12, 2011
                                            Respectfully submitted,
John P. Kacavas
United States Attorney

By: /s/ Arnold H. Huftalen
Arnold H. Huftalen
Assistant U. S. Attorney
NH Bar No. 1215
53 Pleasant St., 4th Floor
Concord, NH 03301-3904
(603) 225-1552

arnold.huftalen@usdoj.gov

## Certificate of Service

I certify that the above Objection/Response has been filed electronically, this date, and has thereby been served upon counsel of record, Paul Garrity, via ecf filing notice.

/s/Arnold H. Huftalen
Arnold H. Huftalen
Assistant U.S. Attorney