```
          UNITED STATES DISTRICT COURT
            DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                Criminal No. 11-cr-6/01-JL

Brian E. Mahoney

### (Proposed) Order re: Speedy Trial

The parties stipulate, and the Court finds, that due to the numerous motions filed, including motions to continue the trial which were granted in the interest of justice, and due to time necessary to address the defendant's competency, as set forth below, all but the eight days between the defendant's arraignment, on February 4, 2011, and the date of this Order, and in fact up to January 4, 2012, are excludable under the Speedy Trial Act, 18 U.S.C. §3161.

Eight days elapsed between the arraignment, which took place on February 4, 2011, and when an Assented to Motion for Status of Counsel Hearing was filed on February 11, 2011 (docket # 8).

Time between when any Motion is filed and when the Court rules, is excludable time.

While the Assented to Motion for Status of Counsel Hearing (docket #8) was pending, the government filed a Motion to Strike Pro Se Motion to Dismiss (docket #11) on February 22, 2011.

While the Assented to Motion for Status of Counsel Hearing (docket #8) and the Motion to Strike Pro Se Motion to Dismiss (docket #11) were still pending, a Motion to Dismiss (docket #12)

was filed.

On March 21, 2011, while all three of the above motions were pending, a Motion to Continue (docket #16) was filed.

On March 22, 2011, the Court issued an Order (docket #17) granting the Motion to Continue (docket #16) (rendering moot, for speedy trial purposes, docket #8, #11 & #12) and continued the trial until June 6, 2007, finding that the interests of justice were served by the continuance.  Upon finding that the continuance was in the interests of justice, all time between the granting of the Motion to Continue and the date set for trial, June 6, 2011, is excludable time.  The time between when the Assented to Motion for Status of Counsel Hearing, (docket #8) was filed, February 11, 2011, and when the Court granted the Motion to Continue is also excludable time.

On March 23, 2011, an Assented to Motion (docket #18) to Continue the trial for another 30 days was filed.

On March 23, 2011, an Assented to Motion (docket #20) to Extend Time to Respond to Motion to Dismiss (docket #12) was filed.

On March 24, 2011, a *pro se* Motion for Status of Counsel (docket #21) was docketed.

On March 23, 2011, the Court granted the Motion to Extend (docket #20) and denied the motion to Continue (docket #18).  At that point in time, the trial was scheduled for June 7, 2011 and

all time since the arraignment, except between February 4, 2011 and February 11, 2011, was excludable time.

On April 21, 2011, while at a hearing, the parties, with the personal consent of the defendant, orally jointly moved for a determination of competency, pursuant to 18 U.S.C. §4241, and the Court committed the defendant to the Bureau of Prisons for a competency evaluation. The time thereafter would have been excludable, but the time until June 7, 2011 was already excludable because of the Motion to Continue which had been granted.

May 24, 2011, a Motion to Continue (docket #28) the trial for another 60 days was filed.

On June 6, 2011, the Court issued an Order (docket #29) granting the Motion to Continue (docket #28) and continuing the trial until September 7, 2011, finding, as it did each time it granted a Motion to Continue, that the continuance was in the interests of justice, thereby rendering the intervening time up to September 7, 2011 excludable for speedy trial purposes.

On July 25, 2011 the defendant filed multiple motions (docket ##35 & 36) and a letter (docket #38) and an addendum to that letter (docket #39).

On July 26, 2011, a Motion to Withdraw as counsel was filed (docket #34).

On July 28, 2011, a *pro se* Motion to Dismiss was filed

(docket #41).

On August 2, 2011, defense counsel filed a Motion for Hearing (docket #40).

On August 17, 2011, a Motion to Continue the trial was filed (docket #43), and on that same day the Court granted the Motion to Continue, in the interest of justice, and scheduled the trial for December 6, 2011 (docket #44), thereby making all but eight days from February 4, 2011 to December 6, 2011 excludable.

On September 14, 2011, a Motion for Status of Counsel (docket #46) and a Motion for Recusal (docket #47) were filed.

On October 6, 2011, the Court held a hearing to address the Motion re: Status of Counsel, (docket #46) and the Motion for Recusal (docket #47).  During the hearing, the Court reviewed documents related to the defendant's competency and listened to concerns of defense counsel and the prosecutor related thereto, and ordered an additional competency evaluation.  Time needed to address the defendant's competency is excludable time.

On November 28, 2011, the Court scheduled an evidentiary hearing for January 3, 2012 to determine the competency of the defendant.

On December 3, 2011, with trial scheduled for December 6, 2011, an Assented to Motion to Continue the trial was filed (docket #56).

On December 5, 2011, the Court, finding that it was in the

interest of justice, granted the Motion to Continue and rescheduled the trial to January 4, 2012 thereby making all but eight days from February 4, 2011 to January 4, 2012 excludable.

The Court has now rescheduled the trial for the two week period beginning February 7, 2012.  The Court did not make a finding that the rescheduling was in the interests of justice.

Due to the numerous motions filed, including motions to continue the trial, and due to the time necessary to address the defendant's competency, all but eight days since the arraignment on February 4, 2011, up to January 4, 2012, the last date to which the trial has been continued upon a finding that such a continuance is in the interest of justice, are excludable from the speedy trial calculation applicable to the defendant.

Therefore, the parties stipulate, and the Court finds, that if this matter goes to trail as presently scheduled, during the two week period beginning February 4, 2012, such will not violate the defendant's speedy trial rights.

**SO ORDERED.**

                                             _____
                                             Joseph N. Laplante
                                             United States District Judge

Dated: December ___, 2011

cc:  Paul J. Garrity, Esq.

Arnold H. Huftalen, AUSA

Arnold H. Huftalen, AUSA