UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

NO. 11 CR 06 01 JL

V.

BRIAN MAHONEY

<u>MEMORANDUM OF LAW REGARDING ACCUSED'S COMPETENCY TO STAND TRIAL
AND TO PROCEED PRO SE</u>

NOW COMES the accused, Brian Mahoney, by and through counsel, and submits the following Memorandum of Law regarding the issues of his competency to stand trial and, if competent, to proceed pro se at trial.

I.  COMPETENCY TO STAND TRIAL

"[I]t is well settled that the conviction of a person legally incompetent to stand trial violates due process."  <u>United States v. Brown</u>, _____F.3d_____(January 19, 2012 1st Circuit); <u>Johnson v. Norton</u>, 249 F.3d 20, 26(1st Cir. 2001).  "The test for competency is whether the defendant first has sufficient present ability to consult with counsel with a reasonable degree of rational understanding, and second has a rational and factual understanding of the proceedings against him…  The understanding required is of the essentials, for example, the charges, basic procedure, possible defenses, but not of legal sophistication."  <u>Brown</u>, _____F.3d at _____; <u>Robidoux v. O'Brien</u>, 643 F.3d 334, 339 (1st Cir. 2011); <u>United States v. Ahrendt</u>, 560 F3d 69, 74 (1st Cir. 2009).  The ability to consult with counsel issue "does not require that the defendant go along with his lawyer's advice" <u>Robidoux</u>, 643 F.3d _____, but still requires an analysis of whether the defendant is able to cooperate with counsel in his defense and to appreciate advice.

Id. at          . If a defendant has mental instability or concrete intellect so difficult that trial is impossible, the defendant is incompetent to stand trial. Id. at          .

The procedures for conducting a competency determination are laid out in 18 U.S.C. §4241 and §4247. 18 U.S.C. §4247 indicates at a hearing on the issue of competency to stand trial the defendant shall be represented by counsel, and shall have the opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

With these standards in mind, the accused submits that he is incompetent to stand trial. The accused was examined by Dr. Eric Mart on October 14, 2011, and once again, on March 27, 2012. The second evaluation was subsequent to the accused being placed on an appropriate medicine regimen at the Cheshire County House of Corrections. Both evaluations concluded that the accused was incompetent to stand trial, especially with respect to the issue of whether he can rationally consult with his attorney. As such, the accused is incompetent to stand trial.[1]

II. COMPETENCY TO PROCEED PRO SE AT TRIAL IF COMPETENT TO STAND TRIAL

If competent to stand trial, a separate but related question is whether the accused is competent to precede pro se at trial. Under the Sixth and Fourteenth Amendments to the United States Constitution, an accused individual has the constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. Faretta v. California, 422 U.S. 806 (1975). Faretta, however, did not answer the question of whether an individual competent to stand trial is competent to proceed pro se at trial if there was a question of the defendant's competence to

---

[1] However, the undersigned counsel, who according to Brown, _____F.3d at _____ "enjoys a unique vantage for observing whether his client is competent", had a number of his concerns with the accused's current state of competency put to rest during a visit with the accused at the Cheshire County Jail on April 2, 2012. During that meeting the undersigned counsel would submit the accused was calm, rational and fully able to interact with his attorney.

waive the right to counsel at trial.  The United States Supreme Court held in <u>Indiana v. Edwards</u>, 554 U.S. _____(2008)that the Constitution permits a limitations of a criminal defendant's right to self representation by a court insisting upon representation by counsel at trial on the ground that the defendant lacks the mental capability to conduct his trial defense unless represented.

      The undersigned counsel submits that even if this Court were to find the accused competent to stand trial that this Court should find that the accused is not competent to waive his right to counsel.  The manner in which the accused has conducted himself throughout the course of the proceedings is his case, his manner of presentation in Court and the recent evaluation by Dr. Mart support this assertion.  The undersigned counsel submits that to allow the accused to represent himself at trial would be disastrous both for himself and for the Court.

### CONCLUSION

      In conclusion, the accused submits that this Court should find him incompetent to stand trial, but that if this Court were to find him competent, that this Court find that he is nevertheless not competent to waive his right to representation by counsel at trial.

Respectfully submitted,
Brian Mahoney,
By his Attorney,

\

  /s/Paul J. Garrity
Paul J. Garrity
Bar No. 905
14 Londonderry Road
Londonderry, NH  03053
603-434-4106

CERTIFICATE OF SERVICE

I, Paul J. Garrity, do hereby certify that on this 4th day of April, 2012, a copy of the within Memorandum has been mailed, postage prepaid, to Attorney Arnold Huftalen, U.S. Attorney's Office

                                              /s/Paul J. Garrity
                                              Paul J. Garrity