UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-006-01-JL |
| | ) | |
| BRIAN MAHONEY | ) | |

JOINT STIPULATION Re: SPEEDY TRIAL

Although filed by the government, pursuant to this Court's Order pf April 2, 2012, this Joint Stipulation Re: Speedy Trial is being filed "jointly" and therefore also on behalf of defense counsel.

On December 8, 2011 the parties submitted a Joint Proposed Order re: Speedy Trial (docket #58) in which the parties agreed that all but eight (8) days between the defendant's arraignment, on February 4, 2011, up to January 4, 2012, were excludable under the Speedy Trial Act, 18 U.S.C. §3161.

On December 9, 2012 the Court entered an Endorsed Order approving the Joint Proposed Order Re: Speedy Trial.

Due to motions filed, including motions to continue the trial which were granted in the interest of justice, and due to time necessary to address the defendant's competency, as set forth below, as of the date of this joint filing, the parties stipulate that all but eight (8) days between the defendant's arraignment on February 4, 2011 and the date of this filing, are excludable and therefore excluded under the Speedy Trial Act, 18 U.S.C. §3161.

The parties do not address here the dates between the defendant's arraignment on February 4, 2011 and January 4, 2012, the dates covered in the previous joint filing (docket #58)

and Order thereon (docket #59), but rather incorporate the information contained therein by reference here.

On December 27, 2011, with trial then scheduled for January 4, 2012, an Assented to Motion to Continue the trial was filed (docket #59).

On December 29, 2011, the Court, finding that it was in the interest of justice, granted the Motion to Continue, in part (the Motion requested a 90 day continuance and the Court granted a 60 day continuance), and rescheduled the trial to the two week period beginning April 3, 2012, thereby making all but eight (8) days from February 4, 2011 to April 3, 2012 excludable and therefore excluded (docket #60).

On April 2, 2012, with trial then scheduled for April 3, 2012, an Assented to Motion to Continue the trial was filed (docket #70).

On April 2, 2012, the Court, finding that it was in the interest of justice, granted the Motion to Continue and rescheduled the trial to the two week period beginning May 1, 2012, thereby making all but eight (8) days from February 4, 2011 to May 1, 2012 excludable and therefore excluded (docket #71).

Due to the numerous motions filed, including motions to continue the trial, and due to the time necessary to address the defendant's competency, all but eight (8) days since his arraignment on February 4, 2011, up to the two week trial period of May 1, 2012, as noted below, the last date to which the trial has been continued upon a finding that such a continuance is in the interest of justice, are excludable and therefore excluded from the speedy trial calculation applicable to the defendant.

Pursuant to 18 U.S.C. §3161(c)(1) the trial of the defendant shall commence "within

seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. §3161(c)(1). However, any period of delay resulting from a continuance granted on the basis that the interests of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial shall be excluded. 18 U.S.C. §3161(h)(7)(A). Additionally, any period of delay "resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" shall be excluded. 18 U.S.C. §3161(h)(1)(A).

On April 5, 2012, the Court conducted a competency hearing and has taken the matter under advisement. In addition to the periods of delay listed, and incorporated by reference above, the period of delay resulting from the proceeding to determine the defendant's competency shall also be excluded. 18 U.S.C. §3161(h)(1)(A).

Therefore, the parties stipulate that if this matter goes to trial: 1) as presently scheduled during the two week period beginning May 1, 2012, or during any trial period thereafter, but not more than sixty two (62) days thereafter (only eight (8) days of the seventy (70) days permissible under the Speedy Trial Act, Title 18 U.S.C. §3161(c)(1), having lapsed) the defendant's Speedy Trial rights will not be violated. The parties further stipulate that additional time may be excluded, depending upon when the Court resolves the proceeding to determine the defendant's mental competency.

This pleading is being filed by the government, but also on behalf of defense counsel.

| | |
|---|---|
| April 23, 2012 | Respectfully submitted, |
| | JOHN P. KACAVAS<br>United States Attorney |
| | /s/ Arnold H. Huftalen<br>Arnold H. Huftalen<br>Assistant U.S. Attorney<br>NH Bar Association #1215<br>53 Pleasant Street, 4th Floor<br>Concord, New Hampshire 03301<br>arnold.huftalen@usdoj.gov |

## CERTIFICATION

I hereby certify that a copy of this Joint Stipulation Re: Speedy Trial has been served electronically this date, through ECF, on Paul Garrity and Andrew Schulman, counsel for the defendant.

/s/ Arnold H. Huftalen
Arnold H. Huftalen