UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-006-01-JL |
| | ) | |
| BRIAN MAHONEY | ) | |

GOVERNMENT'S MOTION TO CONTINUE TRIAL THIRTY (30) DAYS

The United States of America, by John P. Kacavas, United States Attorney for the District of New Hampshire, respectfully requests that the Court continue the trial in this matter, now scheduled for trial during the two week period starting May 1, 2012 for thirty (30) days.

Pursuant to 18 U.S.C. §3161(c)(1) the trial of the defendant shall commence "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. §3161(c)(1). However, any period of delay resulting from a continuance granted on the basis that the interests of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial shall be excluded. 18 U.S.C. §3161(h)(7)(A).

Due to numerous motions filed to continue the trial, all but eight (8) days between the defendant's arraignment on February 4, 2011 and the two week trial period of May 1, 2012 (the last date to which the trial has been continued upon a finding that such a continuance is in the interest of justice) are excludable and therefore excluded from the speedy trial calculation applicable to the defendant. See Joint Stipulation Re: Speedy Trial, Docket #79.

Additionally, any period of delay "resulting from any proceeding, including any

examinations, to determine the mental competency or physical capacity of the defendant" shall be excluded.  18 U.S.C. §3161(h)(1)(A).

On April 5, 2012, the Court conducted a competency hearing and has taken the matter under advisement.  The period of delay resulting from the proceeding to determine the defendant's competency shall also be excluded.  18 U.S.C. §3161(h)(1)(A).  "[D]elay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. §3161(h)(1)(H).

This case cannot proceed to trial until the Court determines whether the defendant is competent.

If the Court determines that the defendant is competent, in order to comply with the Speedy Trial Act, the defendant's trial must be scheduled at a time prior to the expiration of the Speedy Trial Act's seventy (70) days.  18 U.S.C. §3161(c)(1).

Because the mental competency examinations have been conducted and a hearing held, the thirty (30) day "under advisement" period with respect to the Court's determination of competency may apply,[1] and if so, would expire thirty (30) days from April 5, 2012, the date of the competency hearing, which would be May 5, 2012.

Consequently, it appears, absent a different justification for excluding time, if the Court determines the defendant's competency, and finds him competent, on or before May 5, 2012, the Court must schedule the trial within sixty two (62) days of the date it determines competency.

If, however, the Court does not determine competency on, or before, May 5, 2012, and if

---

[1]Without waiving its right to argue the contrary, erring on the side of caution, the government is, for purposes of this Motion, assuming the thirty (30) day "under advisement" period does apply.

the thirty (30) day "under advisement" period applies, the Court must schedule the trial of this matter not more than sixty two (62) days after May 5, 2012, which would be Friday, July 6, 2012.

The government submits that the Motion to Continue should be granted because the defendant's competency must yet be determined before he can be tried, and on the basis that the interests of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial.

Counsel for the defendant do not have his authority to assent to this Motion.

WHEREFORE, the government respectfully requests that the Court continue the trial in this matter at least thirty (30) days, or any other reasonable period of time consistent with the time frames set forth above, to allow for the Court to determine competency and thereafter provide counsel sufficient time to prepare the matter for trial.

April 23, 2012

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

/s/ Arnold H. Huftalen
Arnold H. Huftalen
Assistant U.S. Attorney
NH Bar Association #1215
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
arnold.huftalen@usdoj.gov

**CERTIFICATION Re: ASSENT & SERVICE**

Defense counsel does not have authority to assent. I hereby certify that a copy of this Motion to Continue Trial has been served electronically this date, through ECF, on Paul Garrity and Andrew Schulman, counsel for the defendant.

/s/ Arnold H. Huftalen
Arnold H. Huftalen