UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-006-01-JL |
| | ) | |
| BRIAN MAHONEY | ) | |

GOVERNMENT'S MEMORANDUM Re: REQUIRED PROCEEDINGS
IF THE COURT FINDS THE DEFENDANT NOT COMPETENT TO STAND TRIAL

The Court has held a competency hearing and has taken the matter under advisement.
The government files this brief Memorandum which sets forth the statutorily mandated
procedures that are required if the Court finds the defendant is not competent to stand trial.

If "the court finds by a preponderance of the evidence that the defendant is presently
suffering from a mental disease or defect rendering him mentally incompetent to the extent that
he is unable to understand the nature and consequences of the proceedings against him **or** to
assist properly in his defense, the court shall commit the defendant to the custody of the Attorney
General." 18 U.S.C. § 4241(d) (emphasis added). The Attorney General must then place the
defendant in a suitable facility for treatment for a reasonable period of time, not to exceed four
months, to determine whether there is a substantial probability that in the foreseeable future, the
defendant will attain the capacity to permit the trial to proceed. *See id.* This commitment to the
custody of the Attorney General for treatment is mandatory. *United States v. Shaway*, 865 F.2d
856 (7th Cir. 1989); *United States v. Donofrio*, 896 F.2d 1301 (11th Cir.), *cert. denied*, 497 U.S.
1005 (1990).

If, after the initial period of the treatment, the Court finds that there is a substantial
probability that the defendant will attain the capacity to permit the trial to proceed within an

additional reasonable period of time, the Attorney General shall continue to hospitalize the defendant for treatment for an additional reasonable period of time until the defendant regains competence or the pending charges are disposed of according to law.  18 U.S.C. § 4241(d)(2).

When the director of the facility in which the defendant is hospitalized determines that the defendant has recovered his competency to stand trial, the director must file a certificate to that effect with the clerk of the Court that ordered the commitment.  The Court then will hold another competency hearing.  If the Court finds by a preponderance of the evidence that the defendant has recovered to the extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the Court shall order the defendant's immediate discharge from the facility in which the defendant is hospitalized and set a date for trial.  The defendant is then subject to the normal release and detention provisions of 18 U.S.C. §§ 3141 et seq., which apply to all criminal defendants. 18 U.S.C. § 4241(e).

If the defendant's condition does not improve in the prescribed time, his continued commitment must be based either on State civil commitment procedures or on the commitment provision for dangerous persons under 18 U.S.C. § 4246.  The Federal procedures comport with the Supreme Court's views on incompetency expressed in *Jackson v. Indiana*, 406 U.S. 715 (1972), and have been upheld against a variety of constitutional challenges. *See, e.g., United States v. Sahhar*, 917 F.2d 1197 (9th Cir. 1990).

Upon appropriate certification from the director of the facility in which the defendant is hospitalized, a commitment hearing under Section 4246 of Title 18 must be held.  Such a hearing is ordinarily held in the district in which the defendant is confined, rather than in the district of the trial court which originally ordered the evaluation.  *See* 18 U.S.C. § 4246(a). *But see United*

*States v. Wheeler*, 744 F. Supp. 633 (E.D. Pa. 1990), for a discussion of the trial court's authority

to conduct such a hearing, where the director's certification was never made.

May 16, 2012                                      Respectfully submitted,

                                                 JOHN P. KACAVAS
                                                 United States Attorney

                                                 /s/ Arnold H. Huftalen
                                                 Arnold H. Huftalen
                                                 Assistant U.S. Attorney
                                                 NH Bar Association #1215
                                                 53 Pleasant Street, 4th Floor
                                                 Concord, New Hampshire 03301
                                                 arnold.huftalen@usdoj.gov

## CERTIFICATION OF SERVICE

        I hereby certify that a copy of this Memorandum has been served electronically this date,
through ECF, on Paul Garrity and Andrew Schulman, counsel for the defendant.

                                                 /s/ Arnold H. Huftalen
                                                 Arnold H. Huftalen