UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| UNITED STATES | |
|---|---|
| v. | 11-CR-06 |
| BRIAN MAHONEY | |

DEFENDANT'S ASSENTED TO MOTION FOR LATE ENTRY

Defendant Brian Mahoney moves for permission to file a motion to dismiss the indictment. Pursuant to Local Rule 21.1(b), dispositive motions were due on May 15, 2012. This motion is admittedly filed several days past this deadline. However:

- Undersigned counsel was first appointed approximately six weeks ago, and has had to do a significant amount of legal research in order to prepare the motion (and to rule out seeking dismissal on different grounds). The motion is grounded on the argument that defendant Mahoney was not subject to SORNA's registration requirements on the date of the alleged offense because the Attorney General had yet to issue a valid, substantive rule that made SORNA applicable to pre-Act offenders. Drafting this motion required close analysis of the administrative record and, because there is no First Circuit decision on point, a substantial amount of research regarding conflicting law from other circuits.

- The issues raised in the motion may be properly and timely raised at or after trial, in the context of a Rule 29(a) motion for directed verdict or a Rule 29(c) motion for judgment notwithstanding verdict.

- The issues may also be considered, should the motion be denied on grounds of timeliness, in a post-conviction proceeding brought under 28 U.S.C. §2255.

- At the time counsel was appointed, and to this day, the question of the defendant's competency to stand trial and to represent himself *pro se* has been under advisement.

Defendant has been vehement about asserting his Sixth Amendment right to self-representation and has asked undersigned counsel to withdraw. Counsel has, in fact filed both a motion to determine status of counsel and a motion to withdraw. Counsel hoped to have his role in the case judicially determined prior to filing the motion to dismiss (because it is clear that the defendant wishes that only his *pro se* motions be considered). However, pending further order undersigned counsel still remains counsel of record. Therefore, counsel has an obligation to file a potentially dispositive motion even if the defendant wishes to be solely responsible for his defense.

- On May 24, 2012, undersigned counsel corresponded by email with AUSA Arnold Huftalen, Esq. who assents to this motion for late entry. AUSA Huftalen plans to object to the motion to dismiss on its merits.

- A memorandum of law is not filed with this motion due to the procedural nature of the relief requested.

                                        Respectfully submitted,

May 24, 2012                    /s/ Andrew R. Schuman             ,
                                    Andrew R. Schulman, Esq.
                                    GETMAN, SCHULTHESS
                                    &amp; STEERE, P.A.
                                    1838 Elm Street
                                    Manchester, New Hampshire 03104
                                    603/634-4300
                                    NH Bar 2276

CERTIFICATE OF SERVICE

    I, Andrew R. Schulman, hereby certify that I have mailed a copy of this motion to all counsel of record on May 24, 2012 via the Court's ECF facilities.

                                        /s/Andrew R. Schulman             ,
                                        Andrew R. Schulman