UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-006-01-JL |
| | ) | |
| BRIAN MAHONEY | ) | |

GOVERNMENT'S OBJECTION TO DEFENDANT'S *PRO SE*
MOTION IN LIMINE (TO DISMISS FOR IMPROPER VENUE), Docket # 88

    The United States of America, by John P. Kacavas, United States Attorney for the District of New Hampshire, objects to the defendant's *pro se* "Motion In Limine (To Dismiss For Improper Venue)" (docket #88) as follows, and respectfully requests that the Court enforce Local Rule 4.3(e) and strike the Motion.

The Motion should be stricken pursuant Local Rule 4.3(e)

    The defendant is not acting *pro se*, but is instead represented by two attorneys. Nonetheless, he has filed multiple *pro se* pleadings, including the instant Motion, Docket #88. This Court has enacted a Local Rule that prohibits *pro se* filings by represented parties, except in limited circumstances.

    Civil Local Rule 4.3(e) states:

**(e) Pleadings Filed by Represented Parties.** Any litigant who is represented by an attorney may not file a pleading in a case unless:
    (1) The court grants a motion for leave to file a pro se pleading; or
    (2) The litigant is filing a motion related to the status of counsel.
Any pro se pleading that does not comply with this rule shall not be added to the court's docket or presented to a judicial officer for ruling and shall be returned to the filer.

    Although Local Rule 4.3 is a civil rule, Criminal Local Rule 1.1(d) makes it applicable to criminal proceedings.

Rule 1.1 states:

**1.1 General Rules**
. . .
**(d) Scope.** LCrR 1.1 - 58.1 shall govern the procedure in all criminal actions. Civil local rules shall apply insofar as they do not conflict with any statute, federal or local criminal rule, or individual order. The following civil/general local rules shall apply in criminal actions: Rules 1.1(c),(d) and (g), 1.2 - 1.3, **4.3(e)**, 4.4 - 5.4, 7.1(a),(c), (d) and (e), 7.2(a),(c) and (e), 7.3, 39.1, 39.3, 40.2, 45.1 - 47.3, 54.1, 65.1.1, 67.2 - 67.4, 72.1, 72.2, 77.1, 77.3,77.5, 77.6, 80.1, 83.1, 83.2(a),(b) and (d), 83.3 - 83.5, 83.6(a)-(c), and (e), 83.7 -83.12, 83.13(b)-(e), 83.14. (Emphasis added).

The filing and docketing of such unsanctioned pleadings in violation of the Court's Local Rules not only creates additional, unnecessary work for the Court and opposing counsel, but also runs the very real risk of inuring to the detriment of the unschooled defendant who is allowed to file them. In this case, the defendant has made numerous statements in, and attached to, *pro se* filings that may be used by the government against him at trial as admissions by a party-opponent, pursuant to Fed. R. Evid. 801(d)(2).

Because neither of the exceptions to LR 4.3(e) are present in this case, the government respectfully requests that the Court strike Docket #88, without prejudice to counsel re-filing if deemed appropriate.

<u>If the defendant's *pro se* Motion is not stricken, the government objects on the merits as follows</u>

The defendant wrongly claims that the Court lacks venue. Three Circuit Courts and several District Courts have squarely addressed the issue raised by the defendant. All Courts to have addressed the issue ruled that where a defendant, who is required to register under the Sex Offender Registration and Notification Act (SORNA), travels in interstate commerce from a state in which he is registered to another state and is alleged to have violated the statute, that defendant

may be prosecuted in the District from which he travels, or in the District into which he travels. *See e.g. United States v. Stewart*, 2012 WL 130746 at *2 (4th Cir. January 18, 2012) (defendant moved from Virginia to Kentucky and venue was appropriate in Virginia); *United States v. Leach*, 639 F.3d 769, 772 (7th Cir. 2011) (defendant traveled from Indiana to South Carolina; "[v]enue was proper in Indiana, as it would have been in South Carolina if the government had opted to prosecute there."); *United States v. Burns*, 418 Fed.Appx. 209, 213, 2011 WL 970644 (4th Cir. March 21, 2011) (" Because Burns's offense began when he moved from Virginia, thereafter failing to register in California, venue was proper in the Western District of Virginia."); *United States v. Pietrantonio*, 637 F.3d. 865, 871-72 (8th Cir. 2011) (defendant traveled from Minnesota to Nevada, and then from Nevada to Massachusetts; "[w]hile venue would have been proper for the first violation in either Minnesota or Nevada, Minnesota was not proper venue for second violation"; Court held venue must exist for all counts and reversed); *United States v. Howell*, 552 F.3d 709, 717-18 (8th Cir. 2009)(defendant traveled from Northern District of Iowa to Texas; "Howell's failure to register his move and inform Iowa of his new Texas residence was a material part of the § 2250 violation, and venue is proper in the Northern District of Iowa."; *United States v. Thompson*, 595 F.Supp.2d 143, 149-50 (D. ME. 2009).

     Because the defendant is alleged to have moved from New Hampshire to Massachusetts in conjunction with violating the statute, as a matter of law venue is appropriate in either New Hampshire or Massachusetts.

     To the extent the defendant is arguing, as a matter of fact, that he did not move to Massachusetts, any such motion to dismiss on that basis is premature and should be raised, if at all, at the Rule 29 juncture.

WHEREFORE the government respectfully requests that the defendant's Motion (docket #88) be denied.

May 31, 2012

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

/s/ Arnold H. Huftalen
Arnold H. Huftalen
Assistant U.S. Attorney
NH Bar Association #1215
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
(603) 225-1552
arnold.huftalen@usdoj.gov

## CERTIFICATION OF SERVICE

I certify that a copy of this Objection has been served upon counsel of record via ecf filing notice today, May 31, 2012.

/s/ Arnold H. Huftalen
Arnold H. Huftalen