UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| UNITED STATES | |
|---|---|
| v. | 11-CR-06 |
| BRIAN MAHONEY | |

DEFENDANT'S OBJECTION TO THE GOVERNMENT'S
APPLICATION FOR AN ORDER PURSUANT TO 18 U.S.C. §2703

Defendant Brian Mahoney objects to the government's request for an order pursuant to Section §2703(d) of the Stored Communications Act, 18 U.S.C. §2703(d).

As grounds for this objection, Mr. Mahoney states as follows:

I.  FACTS

1.  Defendant Brian Mahoney is accused of violating 18 U.S.C. 2250(a) by allegedly traveling in interstate commerce after becoming a sex offender subject to SORNA (42 U.S.C. §16911 *et. seq.*) and thereafter failing to update his registration information as required by 42 U.S.C. §16913(c).

2.  The government has requested an order pursuant to Section 2703(d) of the Stored Communications Act for the purpose of preparing for trial.

LEGAL ARGUMENT

THERE IS NO ONGOING CRIMINAL INVESTIGATION
AS REQUIRED BY SECTION 2703(d)

3. 18 U.S.C. §2703 provides the government with a number of different ways to obtain cellular telephone connection records.  For instance, if the government can establish actual probable cause, it may proceed by search warrant.  See, 18 U.S.C. §2703(b)(1)(A).  In this case, however, the government has elected to proceed by a different route, i.e. by seeking a judicial order pursuant to 18 U.S.C. §2703(d).  That statute provides, in pertinent part that:

> A court order for disclosure… shall issue *only* if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an *ongoing criminal investigation*.

(emphasis added).

4. In this case there is no "ongoing criminal *investigation*." There is instead an ongoing criminal *prosecution* for an offense that is already the subject of a criminal indictment. The government does not allege that the defendant's phone records are relevant to some other investigation and does not suggest that it plans to seek a superseding indictment. Cf: In Re Grand Jury Investigation, 1994 Lexis 18695 (1st Cir. 1994) (explaining that the government may not use a grand jury to obtain new evidence for the purpose of preparing an already indicted case for trial); United States v. Doe, 455 F.2d 1270 (1st Cir. 1972) (same).

5. Had Congress intended to allow §2703(d) to apply to prosecutions as well as criminal investigations, it certainly knew how to say so. See e.g., 18 U.S.C. §2712 (allowing the court to stay civil actions against the government, under the Stored Communications Act when doing otherwise would adversely affect "a related criminal *investigation or the prosecution* of a related criminal case); 18 U.S.C. §981 (same language used with respect to stays of civil forfeiture proceedings); 18 U.S.C. §3553(e) (allowing sentencing courts to depart below ndatory minimum sentences "to reflect a defendant's substantial assistance in the *investigation or prosecution* of another person who has committed an offense).

6. That the government may be able to obtain the same records by other means, does not change the plain facts that:

2

-The government has chosen to proceed under a statute that requires proof on an "ongoing criminal investigation," and

-There is no ongoing investigation within the meaning of the statute.

WHEREFORE, defendant Brian Mahoney requests this court to deny the government's motion for an order under 18 U.S.C. §2703(d).

                                      Respectfully submitted,

June 11, 2012                             /s/ Andrew R. Schuman      ,
                                            Andrew R. Schulman, Esq.
                                            GETMAN, SCHULTHESS
                                            &amp; STEERE, P.A.
                                            1838 Elm Street
                                            Manchester, New Hampshire 03104
                                            603/634-4300
                                            NH Bar 2276

## CERTIFICATE OF SERVICE

I, Andrew R. Schulman, hereby certify that I have mailed a copy of this motion to all counsel of record on June 11, 2012 via the Court's ECF facilities.

                                            /s/Andrew R. Schulman      ,
                                            Andrew R. Schulman