UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | No. 1:11-cr-006-01-JL |
| ) | |
| BRIAN MAHONEY         ) | |

GOVERNMENT'S REPLY MEMORANDUM TO DEFENDANT'S OBJECTION TO THE GOVERNMENT'S APPLICATION FOR AN ORDER PURSUANT TO 18 U.S.C. §2703

The United States of America replies to the Defendant's Objection to the Government's Application for an Order Pursuant to 18 U.S.C. § 2703(d), docket # 101.

The Stored Communications Act (SCA), 18 U.S.C. § 2701 *et seq* provides the statutory mechanism by which the government may compel service providers, such as AT&T in this case, to produce certain records. Very generally, the SCA allows for the compulsion of certain limited documents (commonly referred to as subscriber information) through the service of subpoenas, 2703(d) Court Orders, or search warrants, the compulsion of more substantive records (but not content) through the service of 2703(d) Court Orders or Search Warrants, and the compulsion of content only through service of a search warrant. In this case, undersigned counsel knew from prior experience, and confirmed with AT&T, that AT&T would not produce the sought records (including cell tower location information) if served with a subpoena, but would only produce them if served with either a 2703(d) Order or a Search Warrant.[1] Although the government

---

[1] A trial subpoena could have been served forcing AT&T to either produce the records or move to quash and, if necessary, litigate the issue of whether the Court, independent of the SCA, has the authority to compel the production of the records with a trial subpoena. Given the fact that AT&T had already advised it would not produce them with a subpoena, that did not appear to be the most efficient way to get the records. Instead the government advised defense counsel of its intention to seek the records and filed the Application in the criminal case.

submits that it could have applied for, and obtained, a search warrant for the records,[2] that too did not appear to be the most efficient process available.

The defendant claims that because Mr. Mahoney has been indicted there cannot be an ongoing criminal investigation, and therefore the Court should deny the Application. The defendant's argument fails because there is an ongoing investigation, and the government is allowed to seek evidence in that investigation through whatever means are lawful. He seems to say that he would have no objection if the government sought the cell phone records through a Search Warrant, and presumably he would have no objection if the government sought the records through a trial subpoena. The defendant cites no case law directly on point to support his position,[3] nor is the government aware of any. Hence it appears his argument hinges exclusively on the legal and factual question of whether, after a grand jury finds probable cause, can there possibly be an ongoing criminal investigation.

---

[2]The defendant's bank records indicate in person transactions exclusively in NH from January 1, 2010 to October 18, 2010 and exclusively in MA from October 22, 2010 until his arrest in MA on November 5, 2010. Those records are evidence that he abandoned NH and moved to MA. Like ATM cards, cell phone records show where someone is habitually located. Cell phones must connect to a near by cell tower to make and/or receive calls. Records are kept by the cell phone companies that show the location of each cell tower for each call made and received. Therefore, in light of the bank records tending to show the defendant living in MA, and the fact that he was arrested in MA and had told Dover, NH Police that he no longer lived in NH, there was, and is, probable cause to believe that the cell tower location information associated with the defendant's cell phone in that time frame constitutes evidence of a crime, his violation of 18 U.S.C. § 2250(a), in that they would tend to prove his exclusive presence in MA, as opposed to NH.

[3]The cases cited by the defendant deal with grand jury investigations, but a criminal investigation does not necessarily begin with a grand jury investigation, and it need not end with a grand jury indictment. Particularly given the higher burden of proof for conviction than for indictment, criminal investigations do not end with the establishment of probable cause to believe that a crime has been committed and the return of an indictment.

In a criminal case, the search for facts is an ongoing and evolutionary process, especially in the context of trial preparation and trial. Anyone who has tried a criminal case has found him or herself directing "investigators" (be they government Special Agents or defense investigators) to "investigate" certain facts that prior to a specific event did not seem of sufficient value to merit inquiry, or which were inadvertently overlooked in the early stages of a case. To claim that a criminal investigation cannot, as a matter of fact or law, be ongoing after a grand jury returns an indictment is clearly wrong. Even the dictionary provides guidance. By way of limited example, The New Lexicon Webster's Dictionary of the English Language (1988) defines "investigation" as "an examination for the purpose of discovering information about something[.]" Blacks Law Dictionary Fifth Edition defines "investigate" as "[t]o follow up step by step by patient inquiry or observation. To trace or track; to search into; to examine and inquire into with care and accuracy; to find out by careful inquisition; examination; the taking of evidence; a legal inquiry." Therefore, the answer to the question is, yes, of course there can be an ongoing investigation up to, during, and in many cases after, trial. Therefore the defendant's argument must fail.

A search warrant may be issued where there is probable cause "to believe that the evidence sought will aid in a particular apprehension or conviction." *Warden v. Hayden*, 387 U.S. 294, 307 (1967). That standard also supplies a reasonable description of when the government is engaged in a criminal investigation - that is, when it is seeking evidence that will aid in a particular apprehension or conviction.

Finally, it is not clear that the defendant has standing to raise this objection, as he has no Fourth Amendment interest in the non-content information held by a third party, and the statute does not authorize his challenge to a 2703(d) Order. *See In re Application of the U.S. for an*

*Order Pursuant to 18 U.S.C. § 2703(d)*, 830 F. Supp. 2d 114 (E.D. Va. 2011) (District Court found no standing for pre-execution challenge to 2703(d) Order; "The SCA makes clear that the statutory remedies are the only remedies: 'The remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter.' 18 U.S.C. § 2708. Based on this evidence, the Court concludes that the Stored Communications Act does not confer upon Petitioners a right to seek non-constitutional review of the Twitter Order. The Court declines to imply a statutory right to notice or a pre-execution hearing. The magistrate judge correctly concluded that Petitioners have no statutory standing to bring the Motion to Vacate the Twitter Order on non-constitutional grounds."). *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. § 2703(d)*, 830 F. Supp. 2d at 129. However, this Court need not address the issue of standing because the defendant's contention that it is impossible to have an ongoing criminal investigation post indictment is simply not the case.

      WHEREFORE the government respectfully requests that the Court overrule the defendant's objection and issue the proposed 2703(d) Order.

| | |
|---|---|
| June 14, 2012 | Respectfully submitted,<br><br>JOHN P. KACAVAS<br>United States Attorney<br><br>/s/ Arnold H. Huftalen<br>Arnold H. Huftalen<br>Assistant U.S. Attorney<br>NH Bar Association #1215<br>53 Pleasant Street, 4th Floor<br>Concord, New Hampshire 03301<br>(603) 225-1552<br>arnold.huftalen@usdoj.gov |

**CERTIFICATION RE: SERVICE & SEEKING CONCURRENCE**

    I certify that a copy of this Sur-Reply has been served upon counsel of record via ecf filing notice today, June 14, 2012.

                                            /s/ Arnold H. Huftalen
                                            Arnold H. Huftalen