UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

      v.                        Civil No. 11-cr-06/01-JL

<u>Brian E. Mahoney</u>


**O R D E R**

On April 22, 2011 (doc. no. 26) and October 11, 2011 (doc. no. 50), the court issued orders pursuant to 18 U.S.C. § 4241 that the defendant undergo psychiatric and psychological evaluations to determine if he is competent to stand trial. Forensic reports of the evaluations prepared by Dr. Eric G. Mart and Dr. Miriam Kissin, have been filed with the court with copies provided to counsel.  (Court exhibits A, B, and C, all **under seal**).

A hearing was held on April 5, 2012 with counsel and the defendant present, to review the reports and take testimony from both doctors.  During the course of the hearing (and several prior hearings in this case), the defendant presented himself in a very agitated state, and while he appeared to generally understand what was transpiring, he exhibited serious misunderstandings of several procedural and constitutional concepts.

In accordance with the standard set forth in 18 U.S.C. § 4241(d), the court finds, after considering the evaluation

reports and observing the defendant, by a preponderance of the
evidence that the defendant is presently suffering from mental
diseases or defects (bipolar disorder, personality disorder NOS
with antisocial or narcissistic features, problems related to
interaction with the legal system/crime) rendering him mentally
incompetent to assist properly in his defense, and/or to conduct
his own defense (as he desires to do).

The court has given careful consideration to the distinction
between proceeding pro se (representing himself) and assisting
defense counsel in his defense.  The court has no hesitation in
ruling that Mr. Mahoney is not competent to represent himself.
His acute mania, manifested by his pressured speech, loose
associations and tangential thoughts expressed with ever-
increasing rapidity, his grandiosity, and his apparent delusions
make it impossible for him to conduct his own defense in a way
that would be comprehensible to any trier of fact, and certainly
to any jury.

Mr. Mahoney's potential ability to assist counsel in his
defense is less clear to the court.  The court's review of the
three psychological evaluation reports, the testimony presented
in court, and the court's observations lead the court to believe
that, if sufficiently and properly medicated, Mr. Mahoney might
be able to assist defense counsel at trial.  This issue is
largely moot, however, because Mr. Mahoney has sought the

discharge of three separate and very competent defense attorneys.
His stated reasons for the requested discharges have been
completely unsatisfactory and unsubstantiated, and were granted
only in an attempt by the court to assuage Mr. Mahoney's
irrational and unsubstantiated accusations and delusions about
the attorneys, in an effort to place him in an emotional and
mental state that would facilitate his assistance of defense
counsel.  He has explained to the court, however, in excruciating
and irrational detail, that his advanced and unparalleled
knowledge of both the facts and law applicable in this case make
him the only person capable of providing an effective defense.
Thus, even if, _dubitante_, Mr. Mahoney is able to assist defense
counsel, he is unable and/or unwilling to be represented by
counsel.

Therefore, the defendant is committed to the custody of the
Attorney General of the United States who shall hospitalize him
for treatment in a suitable facility for a reasonable period of
time, not to exceed four months, to determine whether there is a
substantial probability that in the foreseeable future he will
obtain the capacity to permit the trial to proceed.  This time
can be extended by order of the court in accordance with the
provisions of 18 U.S.C. § 4241(d)(2)(A) or (B).

The director of the facility in which the defendant is
hospitalized shall file periodic reports, no less frequently than

every 45 days starting from the date of this order, as to the
defendant's mental status and any progress or lack thereof in the
treatment being provided to him to render him mentally competent
to stand trial.

     **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  June 29, 2012

cc:  Andrew R. Schulman, Esq.
     Arnold H. Huftalen, AUSA

Enclosures:
1.  Sealed 7.18.11 Report by Dr. Kissin
2.  Sealed 10.20.11 Report by Dr. Mart
3.  Sealed 3.29.12 Report by Dr. Mart