U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2012 JUL -9 A 9:08

United States District Court
District of New Hampshire

United States of America
          v.                    Case No. 1:11-CR-06-JL
Brian Edward Mahoney

## Motion To Stay Pending a Review of Appellate Court

Now comes the defendant, Pro Se, Brian Mahoney, moves this Honorable Court to Stay the Courts order Pending a Review of Appellate Court, and I state as follows:

1.) There must be some manifestation some conduct, on the defendant's part to trigger a reasonable doubt of his competency. The test is objective and depends not on what the Judge had in mind, but on the facts before him. I spent 56 days at The Fedical Medical Center at Devens, Massachusetts. being watched 24 hours a day and Judge La Plante's Court order was for only 30 day's Dr. Kissin and her staff asked for an Addiction 30 day extension to give me a complete competency evaluation, which was granted by the Federal Court in Concord, NH 03301, in which Dr. Kissin after several evaluation tests found me competent

## Page Two

2.) The United States Court of Appeals for the First Circuit Reviews de Novo Challenges to the Constitutionally of a Statute. Sixth, Eighth and Fourteenth are all Constitutionally Statute's.

3.) The overarching purpose of Commitment Pursuant to 18 U.S.C.S. 4241(d) is to enable Medical Professionals to Accurately determine whether a Criminal defendant is Restoreable to Mental Competency. Such a determination requires a more careful and accurate diagnosis than a brief interview and review of Medical Records that tend to Characterized an initial Competency Proceeding. SEE United States v. Strong, 489 F. 3d. 1055 (Ninth Cir. 2007). Defendant's first initial Competency Evaluation was for 56 Days at the Bureau of Prisons, Federal Medical Center in Ayer, Massachusetts done by Miriam Kissin, Psy. D. Forensic Psychologist F.M.C. Devens in which my initial Competency Evaluation was I was Competent to Stand trial. Then in October 18, 2011, Dr. Mart Found me to be incompetent after only looking over my Medical Records at the Strafford County Jail after a brief interview of only 45 minutes at a Jail, and Dr. Mart Parrot Dr. Kissin's Report and Stated Medication will Restore Mr. Mahoney's Competency.

4.) So on November 22, 2011, Judge LaPlante, Prosecutor Huftalen and my former attorney Paul J. Garrity, had me transfered from Strafford County House of Correction to Cheshire County Jail so I could be restored with my correct medication, because Strafford County Jail would not give to me my medications I have been prescribed by my own Doctor Diana Haile, and Dr. Eric Mart of 311 Highlander Way, Manchester, NH 03104, stated Mr. Mahoney has done very well on Xannax 1.mg. and 100mg. Seroquel in which I have been on for 6 months now, here at Cheshire Jail and I am fully restored by my medication and I am seeing Barnes Peterson twice a month here at the Jail, Mr. Peterson is a L.C.S.W. at the prison.

5.) The Right to be Free From Government Confinement is very essence of the liberty protection by the Due Process Clause, in our society, liberty is the norm and detention prior to trial or without trial is the carefully limited exception, SEE United States v. Salemo, 481 U.S. 739, 755, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) (in our society liberty is the norm, and detention prior to trial or without trial carefully limited exception). We review de novo challenges to constitutional of a statute. United States v. Harris

PAGE FOUR

185 F. 3d 999, 1003 (Ninth Cir).

6.) The reality is that an attorney has a right to make decisions while representing a client, with exceptions that only the defendant may waive constitutional rights and counsel <u>must</u> make decisions in consultation with the client. See January 2003 decision, 246 F. Supp. 2d at 977.

7.) Decision on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategi and tactical decisions are the exclusive province of the lawyer after consultation with the client. ABA Standards of Professional Conduct.

8.) A civil detention order results in the deprivation of the most fundamental of all persons held on a pretrial detention order his liberty without being convicted on any federal charges. The transfer of a prisoner to a mental health facility implicates a liberty interest protected by the Due Process Clause. <u>Addington</u> v. <u>Texas</u>, 441, U.S. 418, 425, 60 L. Ed. 2d 323, 99 S. Ct. 1804 (1979).

9.) A civil commitment for any purpose deprives a person of liberty and invokes the protection of the Due Process Clause

## Page Five

in determining what process is due. A Court must consider the nature and liberty interest at stake, the risk of an erroneous deprivation of such interest when certain procedures are used and the government's interest in utilying the procedure being challenged. Mathews v. Eldridge, 424 U.S. 319, 335, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976).

10.) A Criminal defendant is competent to stand trial if he has "sufficient present ability to consult with his attorney with a reasonable degree of rational understanding" and has a rational as well as factual understanding or the proceeding against him. See Godiney v. Moran, 509 U.S. 389, 396, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993) (citing Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960)).

11.) A Court of Appeals only has jurisdiction of appeals from final decision pursuant to 28 U.S.C.S. 1291.

12.) Pursuant to F.R.A.P. Rule 3 sets the guidelines for appeals of right in both civil and criminal cases. Rule 3 of the Federal Rules of the Appellate Procedures Condictions Federal Appellate Jurisdiction on the filing of a timely notice of appeal. Smith v. Barry, 502 U.S. 244, 245 116 L. Ed. 2d 678; 112 S. Ct. 678 (1992).

## Page Six

13.) Federal Rules Appellate Procedure Rule 3 states that the only requirement for perfecting an appeal is that of filing a Notice of Appeal with the appropriate Clerk of the Court. The appropriate Clerk is the one who issued the judgement order or decision that is subject of the appeal. Significantly the United States Supreme Court has held that a "document intended to serve as an appellate brief may qualify as the Notice of Appeal required by Rule 3. Subdivision (c) of the F.R.A.P. Rule 3 outlines the requirement of the Notice of Appeal but affirmatively states that an appeal <u>must</u> not be dismissed because of problems with the form of the notice, as long as the intent to appeal is evident. This holding to impose any other standard, this holding to impose any other standard. This holding also applies to the time requirement as set forth in F.R.A.P. Rule 4. <u>See Fex v. Michigan</u>, 507 U.S. 43, 58, 122 L.Ed. 2d 406, 113 S.Ct. 1085 (1993)

Wherefore, the defendant asks this Honorable Court to grant my Motion to Stay Pending a Review of Appellate Court.

Respectfully Submitted
Brian E. Mahoney Pro-Se
Brian E. Mahoney Pro-Se
825 Marlboro Road
Keene, NH 03431

cc / File

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

CLERK OF COURT
UNITED STATES DISTRICT COURT
FEDERAL BUILDING
55 PLEASANT STREET, Room 110
CONCORD, NEW HAMPSHIRE 03301

2012 JUL -6  A 9:07

DATED: July 04, 2012

RE: Motion to Stay Proceeding Pending A Review of the Appellate Court Review

DEAR CLERK OF COURT;

Could you PLEASE, MARK, FILE AND RECORD this motion to the Court at your Easliest Conference.

Also, could you please do a Certificate of Service with the Federal Prosecutor Arnold H. Huftalen, because I am without the ability to do so at this Jail at all.

I would also pray, that a copy be sent to Judge LaPlante as well as Attorney Andrew R. Schulman, because copies are know longer allowed free, and I do not have the $28.00 dollars to copy them.

CC / FILE

Sincerely yours
Brian Mahoney
825 MARLBORO ROAD
KEENE, NH 03431