U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
2012 JUL 24 A[...]

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
2012 JUL 24 A 11:11

# United States District Court
## District of New Hampshire

United States of America
v.
Brian Edward Mahoney

CASE NO. 1:11-CR-06-JL

## Motion Objecting To Civil Commitment

Now Comes, the defendant Brian Mahoney, Pro Se and Respectfully moves this Honorable Court to Grant the defendant's objection to be Commited if the Court Find's Him incompentent to Stand trial. I State as Follows:

The Due Process Clause essentiall does guarantees that the Government will not imprison or otherwise physically restrain a person except in accordance with Fair Procedures. See J. Nowak, R. Rotunda and J. Young, Constitutional Laws Section 13.4 at 459 (3d ed. 1986).

The Court held unanimously in, Addington v. Texas, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed 2d 323 (1979). For Example, that even a preponderance of the evidence will not support the involuntary commitment of an Adult to a psychiatric institution, instead the need for such commitment must be Shown by clear and convincing evidence, that a defendant is unable to understand the nature and consequences against Him

The Due Process Also Requires the Government when it deprives an individual of Liberty, to Fetter his Freedom in the least Restrictive manner. Even when a government purpose is Legitimate and Substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved. See Aptheker v. Secretary of State, 378 U.S. 500, 508, 84 S.Ct. 1659, 1665, 12 L.Ed.2d 992. (1964). (Quoting Shelton v. Tucker, 364 U.S. 479, 488, 81 S.Ct. 247, 252, 5 L.Ed.2d 231 (1960).

Discretionary or Mandatory is the issue for the Court to decide is how Section 4241(d) Should be interpreted. There are two possible Readings of this Statute. ① The First would be mandated, in any case where the Court finds a defendant incompetent that it Commit the defendant to the Custody of the Attorney General. The Second Reading the one Adopted, would Require the Court to Commit the defendant to the Custody of the Attorney General for up to four months only if there is a Probability that there will be a change in the defendant's mental Condition. The Government moved Pursuant to 18 U.S.C. Section 4241 on April 29, 2012 this defendant was sent to The Federal Medical Center in Devens, Massachusetts, where the B.O.P. First Competency Hearing was

held on April 29, 2011 till June 23, 2011 and since the B.O.P. are experts on competency hearing and my psychological Dr. Kissin found me very competent to stand trial. The Court stated that it believed "The Bureau of Prisons can give me a better competency hearing than a private psychological examination. The conditions of confinement of such an unconvicted person are "essentially the same" as those convicted and who were convicted of a crime.

I was given on July 18, 2011 a certification of competency and it was sent to the Clerk of Court and directly sent to the Honorable Judge Joseph N. LaPlante, by Warden J. Grondolsky clearly and sufficient to authorize the Court in its discretion to proceed to trial that the defendant is competent to stand trial, and this was done by B.O.P.

On August 13, 2011 my attorney objected to me being competent by the B.O.P. and I did object to my attorney objecting, because I wanted to proceed Pro Se, and Judge Joseph N. LaPlante Court-order me to a second competency hearing in which I objected to since I was found competent by Dr. Kissin who works for the B.O.P., and I would receive a better competency hearing by the B.O.P., and since Warden Grondolsky gave a certification that I was competent to stand trial, I should not be subject to another.

## Page Four

On December 12, 1952 Dr. Silk Acting Superintendent of the Saint Elbeth Hospital certified in a letter to the Clerk of Court that defendant has recouerd and restored, and discharged treatment from Federal Medical Hospital, and address to the Judge he was competent to stand trial. <u>Gunther</u> v. <u>United States</u>, 94 U.S. App. D.C. 243, 215 F.2d 493 (1954).

Defendant who previously was committed to a medical facility under 18 U.S.C. § 4241 argued his entitlement to an additional competency hearing upon being certified by the Medical's Facility psychiatric was not entitled to another competency hearing after being certified by Warden. See <u>United States</u> v. <u>Richard L. Clark</u>, 617 F.2d 180, 1980 U.S. App. LEXIS 18572 No- 79-1287.

Defendant's Counsel Attorney Paul J. Garrity asked for another competency hearing over my objection on August 13, 2011, that led this defendant to two ineffective assistance of counsel. See <u>Bruce Belton</u> v. <u>United States</u>, D.N.H. 113 (July 15, 2010) (also see <u>State of New Hampshire</u> v. <u>Emery</u>). In the <u>Belton</u> issue defendant asked for a competency hearing but Attorney Garrity never asked the Court for a competency hearing on behalf of <u>Bruce Belton</u>. This defendant has again filed a Attorney Disicpline Request for the second time with the New Hampshire Supreme Court.

PAGE FIVE

While the issues before us turn or interpretation of the Insanity Defense Reform Act of 1984, 18 U.S.C. Section 20, 4241-47 (Supp. III 1985), and a Companion Statute enacted at the same time, The Bail Reform Act of 1984, 18 U.S.C. Section 3141-56 (Supp. III 1985). Both of which were part of the Comprehensive Crime Control Act of 1984, Pub. L. 98-473, title II Section 406 October 12, 1984, 98 Stat. 2067, and the Rules of Federal Code of Criminal Procedure, these provisions must be read against the background of the Constitutional Protection for individual Liberty. United States v. Thier, 801 F.2d 1463, 1466-68 (5th Cir. 1986) Also United States v. Salerno, 794 F.2d 64, 71-75 (2d Cir. 1986) (cert. granted) 479 U.S. 929, 107 S.Ct. 397, 93 L.Ed 2d 351 (1986)

Defendant is entitled to or Pursuant to Section 4246(F) Conditional discharge, defendant does not have mental disease. "Definition" of "Mental illness" - means mental disease to such extent that a person so afflicted requires care and treatment for his own welfare, or the welfare of others or the community. (Emphasis added) Humphrey v. Cady, 405 U.S. 504. Defendant if release would go back to his own Doctors and at Cheshire County Jail, Defendant is receiving his medication's and treatment from outside Doctors Request.

Wherefore, defendant prays that his objection is granted and return to his outside treatment on release.  Respectfully Submitted, Brian Mulry Pro Se

Please Clerk Starr

It is your Job to be fair, anyone can win under the Court, Judge, Prosecutor and you
— James Stars Abuse Power'

This is to let you know that I have filed four Motions that have not even been ordered by this Court.
① Motion To Dismiss, Document 88
② Motion To Dismiss New Interim Rule
③ Motion To Dismiss Counsel and Proceed Prose
④ Motion to Stay Pending appellate review
⑤ Motion objecting to another Competency Hearing under 18 U.S.C.S 4241(d), and you have to answer all these motions as well.