UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:11-cr-006-01-JL |
| ) | |
| BRIAN MAHONEY ) | |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO
DEFENDANT'S MOTION TO DISMISS (Docket # 92)

The defendant has moved to dismiss the indictment, see Fed. R. Crim. P. 12(b), claiming that SORNA does not apply to individuals whose underlying sex offense predates SORNA's enactment. In this regard, the defendant contends that the Attorney General's efforts to extend SORNA's reach to pre-Act sex offenders are invalid because the Attorney General's interim rule and so-called SMART guidelines were both improperly promulgated in so far as they purport to make SORNA retroactive. Under the defendant's theory, since there is no legal authority making SORNA retroactive, this Court must dismiss the indictment because the defendant's conviction long predates SORNA's 2006 enactment. The District Court opinion, the logic of which he asks this Court to adopt, was reversed by the Sixth Circuit and the Supreme Court thereafter denied cert. United States v. Stevenson, 676 F.3d 557 (6th Cir. 2012) cert. denied, __ U.S. __, 133 S. Ct. 168 (Oct. 1, 2012).

On October 16, 2012, the First Circuit issued its Opinion in United States v. Parks, 698 F.3d 1 (1st Cir. 2012), in which the Court reviewed the historical progression of the SORNA rules and related case law. It noted that the Supreme Court in Reynolds v United States, __ U.S. __, 132 S. Ct. 975 (2012) did not, however, determine whether the Attorney General's approval of

applying SORNA to those who committed sex offense before enactment of SORNA "should be deemed effective in February 2007, when an Interim Rule was promulgated on an emergency basis to make SORNA applicable to pre-SORNA sexual offenses, or on August 1, 2008, when the so-called SMART guidelines issued by the Attorney General became effective." Parks 698 F.3d at 4.  The Circuit noted that although other Circuits were in disagreement, the issue need not be resolved in Parks since Parks (as did Mahoney) traveled after both the Interim Rule and the SMART guidelines, thereby implicitly acknowledging that, at the latest, SORNA applied to offenders whose conduct occurred after the SMART guidelines became effective on August 1, 2008.  Id.

Regardless of whether the interim rule promulgated by the Attorney General is valid, the SMART guidelines, which became effective July 2, 2008, certainly are.  These guidelines were promulgated under Administrative Procedure Act's notice and comment procedure and expressly make SORNA retroactive to pre-Act sex offenders.  Since, at the latest, SORNA became retroactive in 2008, when the SMART guidelines went into effect, which was two years before the defendant violated the Act, the defendant's dismissal argument fails; this Court need not determine whether the Interim Rule was effective in February 2007.[1]

Additionally, other District Courts to have addressed the issue since this matter was briefed in this Court have all ruled consistent with the position of the government.  See United States v. Kimble, __ F.Supp.2d __, 2012 WL 5906863 (W.D.N.Y.) United States v. Williams,

---

[1] Although the effectiveness of the Interim Rule need not be addressed by this Court, the Circuit Court in Parks noted that because the Supreme Court denied certiorari in another First Circuit case, in which the defendant had traveled after the Interim Rule but before the SMART guidelines, "might suggest that the Supreme Court agrees with the circuits supporting the Interim Rule date but it has not formally decided the issue ... ." Parks 698 F.3d at 4.

2012 WL 5381698 (W.D.N.Y.); United States v. McCrae, 2012 WL 2899309 (D.Or.).

WHEREFORE, for the reasons stated above, and in the government's original Objection (Docket #100), this Court should deny the defendant's motion to dismiss the indictment.

December 14, 2012                                     Respectfully submitted,

                                                      JOHN P. KACAVAS
                                                      United States Attorney

                                                      By: /s/ Arnold H. Huftalen
                                                      Arnold H. Huftalen
                                                      Assistant U.S. Attorney
                                                      NH Bar Association #1215
                                                      53 Pleasant Street, 4th Floor
                                                      Concord, New Hampshire 03301
                                                      (603) 225-1552
                                                      arnold.huftalen@usdoj.gov

                                                      By: /s/ Seth R. Aframe
                                                      Seth R. Aframe
                                                      Assistant U.S. Attorney
                                                      Mass. Bar No. 643288
                                                      53 Pleasant Street, 5th Floor
                                                      Concord, NH  03301-3904
                                                      (603) 225-1552
                                                      seth.aframe@usdoj.gov

**CERTIFICATION RE: SERVICE**

I certify that a copy of this Supplemental Memorandum has been served upon Andrew Schulman, Esq., defense counsel of record, via ecf filing notice today, December 14, 2012.

                                                      /s/ Arnold H. Huftalen
                                                      Arnold H. Huftalen