UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES

v.                                              11-CR-06

BRIAN MAHONEY

DEFENDANT'S MEMORANDUM OF LAW
REGARDING HEARING SCHEDULED FOR
FEBRUARY 13, 2013

Defendant Brian Mahoney provides this memorandum of law in connection with the hearing scheduled for February 13, 2013.  Defendant understands that the purpose of the hearing is to determine:

A.  Whether defendant has been restored to competency, in which case these proceedings may go forward;

B.  Whether, if the defendant remains incompetent, his commitment to the Bureau of Prisons for hospitalization and treatment should be extended for the purpose of further restorative efforts; and

C.  Whether, if defendant is found to be incompetent and not restorable, he should then be subject to commitment under 18 U.S.C. §4246.

I. WHETHER THE DEFENDANT IS PRESENTLY COMPETENT

Undersigned counsel is placed in an ethically precarious position in responding to the first question, i.e. whether the defendant is presently competent.  In the ordinary course of events, counsel pursues the objectives set by the client.  However, at the present juncture, the defendant is still deemed incompetent to participate in this proceeding and, therefore, is legally incapable of selecting the objective to be pursued.  Because counsel appears as an advocate rather than a guardian, counsel has no business selecting the client's objectives for him.

It is common for defense counsel to urge a finding of incompetency and for the government, aligned with Bureau of Prison's doctors to argue for competency. However, in this case the government accepts the conclusion of the Bureau of Prisons, and Dr. Shawn Channel, Ph.D., in particular, that defendant remains incompetent. Thus, if defense counsel were to join in the chorus, there would be no adversary determination of the issue.

This might be fine, except that the defendant vehemently insists he is competent. Because a finding of incompetency at this juncture could (a) take defendant one step down the procedural road towards civil commitment in either state or federal court and (b) stigmatize defendant for life, defendant has a due process interest in having the case for competency argued. See generally, State v. Veale, 158 N.H. 632 (2009) (discussing a criminal defendant's procedural due process rights in connection with his stated objective of being found competent to stand trial).

Therefore, undersigned counsel believes he has an ethical responsibility to cross-examine Dr. Channel and to otherwise present evidence from which an adversary determination of defendant's present competency can be made.

Turning to the merits, there does not appear to be any suggestion that the defendant lacks sufficient intelligence. By all accounts the defendant understands the roles of the courtroom participants, the burden of proof and the rights that he would either assert by having a trial or waive by entering a guilty plea. Although there is some suggestion of paranoid thoughts and arguable delusions, these appear to relate primarily to predecessor counsel. No other signs of psychosis (in the sense of a loss with reality) have ever been noted. Standing alone, Mr. Mahoney's bad feelings about prior counsel, even if delusional, would hardly be grounds for a permanent finding of incompetency.

The crux of the argument in favor of incompetency is that Mr. Mahoney cannot cooperate with counsel in this case. However, this suggests that he could be competent for some cases, just not this case. More important, because his underlying diagnosis is bi-polar disorder, which is characterized by mood swings, his ability to cooperate with counsel may wax and wane over time.

In addition to hearing from Dr. Channel, on direct and cross-examination, this court should also hear directly from the defendant. Competency is a legal question, not a medical question and the determination of this defendant's present competency must be made by the District Court judge after hearing directly from the defendant.

## II. Further Restorative Efforts

Defendant has been hospitalized for treatment at the Bureau of Prisons since August. He appears to be receiving appropriate medication. Undersigned counsel does not believe that that an extended commitment for restoration of competency would serve any purpose.

## III. Commitment Under 18 U.S.C. §4246

If defendant is found incompetent, and if the indictment is dismissed for that reason, he should forthwith be released to his state court warrants. It is certainly true that 18 U.S.C. §4246 allows the director of FMC Devens, where defendant is presently being treated, to commence civil commitment proceedings in the U.S. District Court for the District of Massachusetts. However, there are two prerequisites to a *federal* civil commitment proceeding:

A. The director of the facility where the defendant is being treated must opine that the defendant's release would create a substantial risk of bodily injury to another person or serious damage to property of another; and

B. There must be no suitable arrangements for State custody or care of the defendant. 18 U.S.C. §4246.

The latter requirement—i.e. the lack of a state alternative—is of Constitutional significance.  The federal government has neither the responsibility nor the Constitutional power to civilly commit all individuals who suffer from mental illness and present a resulting danger to the community.  Civil commitment has always been a state, rather than a federal function. However, the necessary and proper clause of the federal Constitution allows the federal government to civilly commit federal prisoners, upon their release from federal custody, *if no state alternative is available.*  See, United States v. Comstock, 130 S.Ct. 1949 (2010).

Although the caselaw is sparse, that which exists makes clear that the federal government must make a diligent, good faith effort to find a state remedy before proceeding under §4246. See e.g., United States V. Chairse, 18 F. Supp. 2d 1021, 1032-1033 (D. Minn. 1998):

> Another requirement that the Government must fulfill under these commitment proceedings is to show an absence of a suitable state placement. 18 U.S.C. § 4246(a).  The statute does not specifically address the duty of the Government under the statute. Case law, however, makes it clear that it is the Government's burden to show that there is no suitable state placement available. [citations omitted].
> .
> The Court recognizes that the statute is unclear about what steps must be taken by the Government to find suitable state placement. Section § 4246(a) merely provides that certification by the Attorney General stating that there are no suitable arrangements for state custody is required  before commitment proceedings may commence. 18 U.S.C. § 4246(a)[.] [citations omitted].  The reason for such a requirement is that it fulfills Congress' intent that 18 U.S.C. § 4246 be used only in those rare circumstances where a person has no permanent residence or there are no State authorities willing to accept him for commitment. [citations and quotation marks omitted].  It is further noted that Congress' intent to limit the use of 18 U.S.C. § 4246 is due to the belief that care and treatment for the mentally ill is the function of the states rather than federal government. [citations omitted].

See also, United States v. Hicks, 799 F.Supp.2d 1148 (S.D. Fla. 1992).

In this case, the defendant is subject to state court warrants and would, therefore, be automatically screened for possible civil commitment in event that he is found not competent to

stand trial. Although the state authorities are apparently willing to *nol pros* the state charges if a federal commitment is available, this would turn §4246 on its head. As a matter of statutory and Constitutional law, a federal commitment is only available if a state commitment is not available.

Nothing in this memorandum should be read to address any issue which might be raised in the course of civil commitment proceedings in either state or federal court.

                Respectfully submitted,


February 12, 2013           /s/ Andrew R. Schuman,
                Andrew R. Schulman, Esq.
                GETMAN, SCHULTHESS
                 & STEERE, P.A.
                1838 Elm Street
                Manchester, New Hampshire 03104
                603/634-4300
                NH Bar 2276


## CERTIFICATE OF SERVICE

I, Andrew R. Schulman, hereby certify that I have mailed a copy of this motion to all counsel of record on February 12, 2013 via the Court's ECF facilities.

                /s/Andrew R. Schulman,
                Andrew R. Schulman