UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                                    Criminal No. 11-cr-06-JL

<u>Brian Mahoney</u>

**<u>ORDER</u>**

The defendant is currently committed, by order dated June 29, 2012 (document no. 107) and under 18 U.S.C. § 4241(d), to the custody of the Attorney General for evaluation and treatment in an effort to render him competent to stand trial.

By letter dated January 17, 2013, J. Grondolsky, Warden for the Federal Medical Center at Devens, Massachusetts, submitted a Forensic Mental Health Evaluation prepared by Dr. Shawn Channell, Board Certified Forensic Psychologist, addressing the defendant's treatment and his competency to stand trial.  In the report, Dr. Channel expressed the following opinion:

> In conclusion, Mr. Mahoney continues to suffer from a mental disease rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him, to assist properly in his defense, and to represent himself in court.  Although Mr. Mahoney has a very good understanding of factual issues as they apply to the legal system, his rational understanding of his legal situation, his ability to assist his attorney, and his ability to represent himself are significantly impaired.  Little has changed in the defendant's presentation since he arrived at FMC Devens.  Although he has periods of stability, he quickly becomes irrational when he is challenged or issues related to his case are discussed. Behaviorally, were he to appear in court as his own attorney, his presentation

>would likely be characterized by disorganization, rapid speech, argumentativeness, and overall irrational statements and behavior.  It is possible Mr. Mahoney could respond to further treatment, however, in my opinion it is unlikely the underlying impairment in functional and decision making ability as they apply to this particular case would improve significantly.  As a result, further competency restoration treatment is not recommended.

At the hearing, Dr. Channell testified that, in his opinion, Mr. Mahoney will not be restored to competency, and that any additional period of treatment would not result in restoring him to competency.

The defendant presented no expert testimony at the hearing, and no evidence other than the defendant's testimony on his own behalf.  The defendant's testimony included a period of apparent lucidity and general understanding of criminal procedure, followed by a period of pressured, rapid speech, tangential speaking and thinking, and inaccurate delusional thinking about the applicable law in this case and its consequences.  After hearing this testimony, Dr. Channell further testified and explained that his opinions were unchanged, and in fact were supported, by Mr. Mahoney's testimony.

Taking into account all of the reports filed to date in this matter along with all of the testimony that the court has heard during several hearings conducted in this matter, the court finds that the defendant's mental condition has not so improved as to permit proceedings to go forward.  The court finds that there is

no substantial probability that with continued treatment he will attain the capacity to permit proceedings to go forward in the foreseeable future.  Therefore, the defendant shall remain in the custody of the Attorney General for designation to a federal medical center for the purposes of undergoing a risk assessment pursuant to the provisions of 18 U.S.C. § 4246.  See 18 U.S.C. §§ 4241(d), 4246(a).

**As this prosecution and the competency and restoration evaluation periods have involved protracted periods of pretrial detention for the defendant, the court expresses its earnest hope that the Attorney General will initiate and complete its § 4246 risk assessment as expeditiously as possible observing sound medical and psychiatric practices and principles**.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  February 21, 2013

cc:  Arnold H. Huftalen, AUSA
     Andrew R. Schulman, Esq.