UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| UNITED STATES | |
|---|---|
| v. | 11-006-001-JL |
| BRIAN MAHONEY | |

### DEFENDANT BRIAN MAHONEY'S MOTION TO EXCEED CAP ON FEES FOR COUNSEL

Defendant Brian Mahoney moves this court, pursuant to 18 U.S.C. 3006A(d)(3) to approve counsel fees in excess of the statutory maximum due to the complex nature of the case and the extended nature of the representation. More particularly, Mr. Mahoney seeks approval of $11,137.50 in counsel fees, in addition to the amount previously paid to predecessor counsel, Attorney Paul Garrity.

In support of this motion, defendant states as follows:

1. 18 U.S.C. §3006A(d) establishes the hourly rate for CJA counsel and the presumptive maximum fee for CJA representation. Pursuant to §3006A(d), the Judicial Conference may increase these statutory rates. Under the current Judicial Conference guidelines, CJA counsel are paid $125 per hour subject to a maximum fee in felony cases of $9,700. See, United States Judicial Conference, CJA Guide (currently available at www.uscourts.gov/uscourts/cjaort/contacts.html#/?page=16).

2. 18 U.S.C. §3006A(d)(2) also provides that payment in excess of the maximum fee may be approved by the court for "extended or complex representation."

3. This case involved both extended and complex representation:

- There were a number of complex legal issues in the case. One issue, that was crystallized in a motion to dismiss involved the retroactive application of SORNA to pre-Act

"travelers." In light of recent U.S. Supreme Court caselaw, the resolution of this issue required a determination of whether and when the Attorney General properly promulgated an administrative rule that made SORNA retroactive. This determination, in turn, required an analysis of four separate promulgations by the Attorney General and their validity under the Administrative Procedure Act.

- There were other legal issues in the case that were researched extensively but not briefed. Some of the research was necessary because the defendant was quite insistent on filing a venue based motion. In the particular context of defendant's case, there was an arguable venue issue under a certain reading of SORNA. Undersigned counsel did not file this venue motion for several reasons including (A) the fact that defendant was found incompetent and (B) the weakness of the argument. In any event, the legal issue was researched in some detail.

- The defendant suffers from a mental illness and has been found incompetent. Thus, counsel was required to master the pertinent facts relating to the defendant's mental health diagnosis and treatment. Counsel also appeared for two evidentiary competency hearings.

- The defendant sent a great many handwritten letters to (A) the prosecutors and (B) undersigned counsel. Often these letters were quite lengthy. A great deal of time was spent reviewing and dealing with these ramblings. This is especially true with respect to the letters that defendant sent to the prosecutors (contrary to defense counsel's repeated advice).

WHEREFORE, defendant requests this court to approve this motion.

Respectfully Submitted,

Brian Mahoney,

/s/ Andrew R. Schulman_____
Andrew R. Schulman, Esq.
NH Bar No. 2276
GETMAN, SCHULTHESS &
STEERE, PA
1838 Elm Street
Manchester, NH 03104
(603) 634-4300 (voice)
(603) 6265-3647 (fax)
ASchulman@gss-lawyers.com

CERTIFICATE OF SERVICE

I, Andrew R. Schulman, hereby certify that I have served a copy of this motion on all counsel of record via the court's ECF facilities on April 1, 2013.
.

/s/ Andrew R. Schulman_____

3