November 6, 2013

United States District Court          United States District Court
Attn. Joseph N. Laplante              Attn. Patti Saris
55 Pleasant Street, Room 110          1 Courthouse Way, Suite 2300
Concord, NH 03301                     Boston, MA 02210

Re: <u>In re: Brian E. Mahoney</u>, 13-CA-2399 (1st Cir. 2013)

To Whom it May Concern,

    This serves as legal notice and service of the enclosed Petition for a Writ of Mandamus/Prohibition as a result of all alleged grand jury fraud in <u>United States v. Mahoney</u>, 11-CR-06-JL (D.N.H. 2013).

    This also serves as legal notice pursuant to 18 U.S.C. § 1964(c) R.I.C.O. Racketeering Act for all actions resulting in <u>United States v. Mahoney</u>, 1:13-CV-11530-PBS (D.Mass. 2013).

    Further, this serves as legal demand pursuant to 5 U.S.C. § 552/552(a) Freedom of Information Act for the court order obtained by legal means which required Brian E. Mahoney to register as a sex offender, in consideration of his finding of "Aquittal" by a jury, as pled in the civil matter cited supra.

    Additionally, pursuant to 5 U.S.C. 552/552(a) Freedom of Information Act, this serves as demand for a grand jury concurrence form, grand jury transcripts and a grand jury master list as allowed pursuant to 28 U.S.C. § 1867(e), see: <u>In re: Brian E. Mahoney</u>, 13-CA-2399 (1st Cir. 2013).

    This also serves as demand for copies of all vouchers submitted to the Treasury Department for payments pursuant to the Criminal Justice Act in all matters cited herein against "defendant" Brian E. Mahoney.

    You are noticed of allegations of the violation of The Federal False Claims Act, 31 U.S.C. § 3729-3733, see your copy of the "petition" enclosed.

Very Truly Yours,

*Brian E. Mahoney*
Brian E. Mahoney
Reg. No. 12232-049
FMC Devens
P.O Box 879
Ayer, MA 01432


cc: file/associated press/Attorney General Eric Holder-see: 28 U.S.C. § 528

UNITED STATES COURT OF APPEALS
FIRST CIRCUIT APPEALS COURT

BRIAN E. MAHONEY, )
    Petitioner, )
    vs. ) Civ. No. 13-CA-2399
UNITED STATES DISTRICT COURT, )
DISTRICT OF NEW HAMPSHIRE )
     )
UNITED STATES DISTRICT COURT, )
DISTRICT OF MASSACHUSETTS )
    Respondent(s). )

## PETITION FOR A WRIT OF MANDAMUS/PROHIBITION

NOW COMES, Petitioner Brian E. Mahoney, appearing in propria persona in forma pauperis, and files this, his Petition for a Writ of Mandamus/Prohibition, pursuant to the "All Writs Act", 28 U.S.C. § 1651, and would show as follows:

### I. JURISDICTION

1. Jurisdiction is allowed pursuant to 28 U.S.C. § 1651, the "All Writs Act", see: United States v. Mitchell, 463 U.S. 206, 227 (1983), for duties "owed" to the petitioner by a federal employee.

### II. PARTIES

2. Petitioner is Brian E. Mahoney, who is a "civil" detainee, held at FMC Devens, which is located in the District of Massachusetts and the territorial boundaries of the First Circuit Appeals Court. Petitioner's register number is #12232-049 and his address is: FMC Devens, P.O. Box 879, Ayer, MA 01432.

3. First Respondent is the United States District Court, District of New Hampshire, whose location is 55 Pleasant Street, Room 110, Concord, NH 03301, Attn. Judge Joseph N. Laplante presiding over United States v. Mahoney, 11-CR-06-JL.

-1-

4. Second Respondent is the United States District Court for the District of Massachusetts, whose address is 1 Courthouse Way, Suite 2300, Boston, MA 02210, Attn. Judge Patti Saris presiding over civil commitment proceeding United States v. Mahoney, 1:13-CV-11530-PBS (D.Mass. 2013).

### III. FACTS AS THEY APPLY TO PETITION

5. Petitioner, Brian E. Mahoney, was falsely charged with rape, and aquitted after a trial in the State of Massachusetts, as reported in the Boston Herald May 25, 1984. On November 18, 2009, the State of New Hampshire posted the Petitioner's name and face on a web site as a convicted sex offender which portrayed false and slanderous materials about Petitioner's criminal history.

6. On or about April 7, 2010, Petitioner filed civil action 2010-EQ-0121 in Rockingham Superior Court, District of New Hampshire, as a result of all fraudulent acts of deceit by State of New Hampshire officials.

7. On or about late 2010 and early 2011, State of New Hampshire officials responsible for all libel and slander on the web site (see: Exhibit "1") engaged in a criminal coerceive scheme to violate 18 U.S.C. § 1623, Grand Jury Fraud, and 28 U.S.C. § 1861-1867 the Jury Selection and Service Act of 1968, and filed United States v. Brian E. Mahoney, 11-CR-06-JL (D.N.H. 2011).

8. Beginning in January of 2011, First Respondent United States District Court, District of New Hampshire began a criminal coerceive scheme to conceal all grand jury materials from Petitioner, including a grand jury concurrence form, grand jury master list and transcripts from all hearings before an "alleged" grand jury in the District of New Hampshire. The "motive" for the First Respondent is their act of concealing evidence, in criminal violation of 18 U.S.C. § 1623 and retaliation for litigation described in ¶ 6. Petitioner submits all actions are in conflict with United States v. Royal, 100 F.3d 1019 (1st Cir. 1996).

9. Petitioner submits that Congress has passed 18 U.S.C. § 1623 into law as a "statute" to prevent all actions undertaken by First Respondent, and that all actions undertaken by First Respondent United States District Court, District of New Hampshire is in conflict with the controlling case law of <u>Chambers v. NASCO</u>, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) and that review by this Honorable Court is "mandated" pursuant to this Honorable Court's holdings in <u>United States v. Horn</u>, 29 F.3d 754 (1st Cir. 1994).

10. Petitioner submits no valid and legal court order exists which requires him to register as a sex offender and that all evidence in Exhibit "1" clearly shows criminal violations of 18 U.S.C. §§ 1621 and 1622 by multiple government "agents" and "participants" to further a grand jury fraud scheme which is limited by Congress and "statute" 18 U.S.C. § 1623.

11. Petitioner submits he filed a challenge to the jurisdiction of the court of First Respondent United States District Court, District of New Hampshire in United States v. Mahoney, 11-CR-06-JL (D.N.H. 2011), Doc. 12 on or about March 9, 2011, and that First Respondent District of New Hampshire failed to "prove" lawful jurisdiction, in violation of the "intent of Congress" in 28 U.S.C. § 1861-1867, the Jury Selection and Service Act of 1968, see: <u>United States v. Green</u>, 389 F.Supp.2d 29, 2005 U.S. Dist. LEXIS 19037, 2005 WL 2109114, at *22, *32 (D.Mass. Sept. 2, 2005) see also <u>Campbell v. Louisiana</u>, 523 U.S. 392 (1998).

12. Petitioner submits First Respondent United States District Court Judge Joseph N. Laplante did then join in a coerceive scheme to violate the Federal False Claims Act, 31 U.S.C. § 3729-3733, and began submitting fraudulent vouchers claiming "Criminal Justice Act" absent proof of lawful jurisdiction, while concealing all evidence contained in Exhibit "1".

13. Petitioner submits Judge Joseph N. Laplante did engage in a specific overt act in this "coerceive scheme", to wit, striking Petitioner's "Motion to Dismiss Indictment" from the record, which act constituted judicial usurpation of his authority, absent proof of lawful jurisdiction and expanding the power of his court by judicial force, in furtherance of grand jury fraud, 18 U.S.C. § 1623. Petitioner refiled motion Doc. 88, on record.

14. Petitioner submits the First Respondent did engage in legal malpractice with an attorney named Paul J. Garrity, and that all acts committed by Paul J. Garrity violated the American Bar Association Code of Professional Responsibilty, Canon 7-1 (Duty to Client/Legal System) by concealing all evidence contained in Exhibit "1", a grand jury concurrence form, the grand jury master list, the grand jury transcripts and a legal and valid court order which shows Petitioner is required to register as a sex offender.

15. Petitioner submits the First Respondent did engage in a coerceive scheme to oppress the Petitioner of all rights secured by 28 U.S.C. §§ 144 and 455, which is contained in Doc. 47 and a Motion for Recusal of Joseph N. Laplante. Petitioner submits First Respondent engaged in a coerceive scheme to oppress him of all rights secured by 18 U.S.C. 3161, Speedy Trial Act and all rights to "confrontation" of witnesses and evidence, due to grand jury fraud scheme.

16. Petitioner submits following all fraud by the First Respondent, the Second Respondent, acting in absence of any proof of jurisdiction, began a criminal coerceive scheme to violate 18 U.S.C. § 1961-1968 with the First Respondent, and on 6/26/2013 filed Doc. 1 of United States of America v. Mahoney, 1:13-CV-11530-PBS claiming jurisdiction absent any required and lawful proof of jurisdiction.

17. Petitioner submits attorney Timothy G. Watkins was then asked to join in a criminal coerceive scheme to violate the Federal False Claims Act.

18. Petitioner submits the specific "overt" act of Timothy G. Watkins was to join in a scheme to transport Petitioner across State lines, absent any proof of a legal "right" or jurisdiction in which to do so, in furtherance of R.I.C.O. Racketeering Act violations by the Respondent(s). Petitioner submits all claimed "defense" counsel have failed to seek affirmative restraints on the prosecution's psychiatrist or the professional appointed by the court. The expert(s) should have been prohibited from questioning the accused about the offense, the accused's activities before and after the "alleged" offense, the accused's medical history, employment record, psychiatric background, and any other area that does not directly concern the competency of the accused to stand trial. All CJA attorney's failed to do so.

19. Petitioner submits the failure to prove a legal and valid indictment has resulted in a violation of 18 U.S.C. § 4241(d)(2) and Petitioner being committed for a period longer than the maximum sentence he could have faced pursuant to a "legal" and "valid" indictment, in opposition to the controlling matter United States v. DeBellis, 649 F.2d 1 (1st Cir. 1981).

### IV. REASON WHY THE WRIT SHOULD ISSUE

20. Mandamus relief applies, as Petitioner has filed to dismiss the "alleged" indictment, and has a right to immediate dismissal, as he challenged jurisdiction, yet jurisdiction has never been proven, in conflict with the controlling case law of Maine v. Thiboutot, 448 U.S. 1, 9 n.7, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).

21. Prohibition relief applies pursuant to the principle of collateral estoppel, as Petitioner was aquitted of all sex crimes which the Respondent(s) claim he has to register for, absent proof of a lawful court order, see: Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed. 469 (1970). Petitioner respectfully avers the Honorable Court to Exhibit "1" attached.

22. Petitioner submits Attorney Timothy G. Watkins is aware that 18 U.S.C. § 4246 is unconstitutional, as he was involved in the litigation of United States v. Wilkinson, 626 F.Supp.2d 184 (D.Mass. 2009), wherein it was held civil commitment statutes were not enacted with a source of authority by Congress, and were therefore unconstitutional, and in this case, illegal, 18 U.S.C. § 1961-1968.

23. Petitioner submits 18 U.S.C. § 4246 is not allowed by the Commerce Clause, U.S. Constitution art. I, § 8, cl. 3, nor is it allowed by the Necessary and Proper Clause art. I, § 8, cl. 18, and that 18 U.S.C. § 4246 in this matter is too sweeping in scope, and has been invoked via unlawful means, absent proof of lawful jurisdiction, see: Exhibit "1".

24. Petitioner submits the end of all Respondent's actions are not legitimate and are prohibited by the 4th, 5th, 6th and 14th Amendments to the U.S. Constitution, and are completely absent "due process", see: M'Culloch v. Maryland, 17 U.S. 316, 421, 4 L.Ed. 579 (1819). Petitioner submits all actions undertaken by the Respondents violates the ex post facto and "double jeopardy" clauses of the U.S. Constitution, see: United States v. Comstock, 551 F.3d 274 (4th Cir. 2009).

25. Petitioner submits the Respondent(s) failed to prove lawful jurisdiction, therefore the invocation of 18 U.S.C. § 4246 is fraudulent, and there can be no claim of frustration of the federal power to prosecute. There has been no proof of specific federal authority in this matter by Respondent(s), and overwhelming evidence exists of fraud by the Respondent(s), in violation of 31 U.S.C. § 3729-3733 Federal False Claims act, to wit, all vouchers submitted for CJA funds from the Treasury Department. Respondent(s) claims of any effort to prevent federal criminal activity is false, and prohibition applies, by law.

26. Petitioner submits all of the Government's interest in this matter are unreasonable, and criminal in nature and serve no legitimate interest as a federal custodian in the responsible administration of its prison system or government. Petitioner submits the application of 18 U.S.C. § 4246 denies equal protection, procedural or substantive due process and all right to confrontation of evidence and witnesses and all actions against Petitioner are in conflict with the controlling case law of Bolling v. Sharpe, 347 U.S. 497 (1954).

27. Petitioner submits the Respondent(s) have a "custom, policy and practice" of violating the "intent of Congress" in 18 U.S.C. § 4247(d), and deny Petitioner and others similarly situated their right to be represented by "counsel", and not a second prosecutor, an opportunity at the hearing to testify, to present evidence, to subpoena witnesses on behalf of Petitioner and others similarly situated, and to confront and cross-examine the Government's witnesses.

28. Petitioner submits 18 U.S.C. § 4246 is unconstitutional and violates his procedural due process rights by allowing a showing of dangerousness to be made by perjured evidence and fraud, clear and convincing evidence, instead of by proof beyond a reasonable doubt. Petitioner submits Congress did not have the authority to enact 18 U.S.C. § 4246 when the government is using false and perjured evidence and testimony, as the "end" is not "legitimate", it is not within the scope of the constitution, and the means which are appropriate are not plainly adapted to the end, but are prohibited by the ex post facto and double jeopardy clauses of the U.S. Constitution, see: United States v. Beggerly, 524 U.S. 38, 47 (1998).

## V. ARGUMENT

29. Mandamus lies in dismissing all claims against Petitioner and ordering his immediate release from unlawful restraint, which is a "duty" owed to him by Repondent(s). Respondent(s) owed Petitioner the duty to prove lawful jurisdiction, and failed to prove lawful jurisdiction while committing 'fraud upon the court by officer(s) of the court', supported by Exhibit "1".

30. Prohibition lies in arresting all unlawful actions and judgments absent the required and lawful proof of jurisdiction, as required by the "intent of Congress" in 28 U.S.C. § 1861-1867, the Jury Selection and Service Act of 1968 as a "sanction" against Respondent(s), see: Francis v. Henderson, 425 U.S. 536 (1976), Amadeo v. Zant, 486 U.S. 214 (1988), Castaneda v. Partida, 430 U.S. 482 (1977), Duren v. Missouri, 439 U.S. 357 (1979), Rose v. Mitchell, 443 U.S. 545 (1979), Taylor v. Louisiana, 419 U.S. 522 (1975), Test v. United States, 420 U.S. 28 (1975) and Powers v. Ohio, 499 U.S. 400 (1991).

31. Petitioner is a party directly interested in these proceedings and the other parties, as well as the Federal Bureau of Prisons et al., whom are interested, will be affected by this petition. Prohibition lies in preventing any acts of "retaliation" or "obstruction of official proceedings" by Respondent(s) and any of their "agents" or "participants" employed by the Federal Bureau of Prisons, see: Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225 (10th Cir. 2005).

32. Petitioner has no plain, speedy or adequate remedy in the ordinary course of law or by appeal, due to all fraud upon the court by officer(s) of the court, as cited herein, and the failure of the court(s) to recognize the principle of collateral estoppel resulting from Petitioner's aquittal after a jury trial, see: Exhibit "1".

33. Prohibition lies to cease and desist acts of fraud upon the United States Treasury Department and Petitioner, to arrest illegal proceedings of any tribunal, corporation, board, agency or Judge/Court, whom is exercising judicial functions by fraud, or agency functions by fraud with a Judge/Court, when such proceedings are without jurisdiction of such tribunal, corporation, board, agency or Judge/Court, as held in Smith v. Whitney, 116 U.S. 167 (1886).

34. Petitioner submits it is a "duty" owed to him by this Honorable Court to take specific action, as required by 28 U.S.C. § 351 and the Federal Canons of Judicial Conduct 3B(3) and 3B(5), with regard to all alleged judicial and attorney misconduct, see: United States v. Mitchell, 463 U.S. 206, 227 (1983).

35. Petitioner submits prohibition lies in preventing any further violations of 28 U.S.C. § 530(B) and 28 C.F.R. § 77.1(b) by the U.S. Attorney's Offices, or the prevention of their contact to FMC Devens or the Federal Bureau of Prisons "staff" members et al, to violate federal law(s) or to obstruct and impede his access to the court(s).

36. Petitioner submits prohibition lies in preventing the district court(s) from failing in their duty to "prove" lawful jurisdiction following all challenges to jurisdiction, as required by Maine v. Thiboutot, 448 U.S. 1, 9 n.7 (1980). Petitioner submits the district court(s) had a "duty" to prove lawful jurisdiction and failed to do so.

37. Petitioner submits it is a "duty" of this Honorable Court to order the district court(s) to dismiss all claims, and release the Petitioner from unlawful restraint, see: Heckler v. Ringer, 466 U.S. 602, 618 (1984), as required by the "intent of Congress" in 28 U.S.C. § 2106 and 18 U.S.C. § 3742(a)(4).

## PRAYER

WHEREFORE, Petitioner Brian E. Mahoney requests the following of this Honorable Court:

1. First, the issuance of an immediate peremptory writ, based on this verified petition and Exhibit "1" attached, to be issued, restraining the Respondent(s) from engaging in any further acts of fraud, absent proof of lawful jurisdiction, as described herein and elsewhere found in the record.

2. The United States District Court(s) for the Districts of New Hampshire and Massachusetts and the U.S. Attorney's Offices of the District of New Hampshire and Massachusetts be directed and required to show cause before this Honorable Court at a specified time and place why they should not be absolutely and forever restrained from any further crimes, acts of fraud-i.e. 31 U.S.C. § 3729-3733 Federal False Claims Act, or obstruction of justice/retaliation against the Petitioner, as described in this petition and the "public records" cited herein, based on the controlling precedent set by the Supreme Court in Parr v. United States, 351 U.S. 513 (1956).

3. For such relief to which Petitioner may be entitled, be ordered and decreed.

4. That the indigent Petitioner be allowed to proceed in forma pauperis and that the Honorable Court take judicial notice of his status as in "imminent danger", pursuant to 28 U.S.C. § 1915(g), based on attached motion and proof of poverty.

10/26/13

Respectfully Submitted,

*Brian E. Mahoney*

Brian E. Mahoney
Reg. No. 12232-049
FMC Devens
P.O. Box 879
Ayer, MA 01432

Petitioner Propria Persona

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I caused one original of this Petition for a Writ of Mandamus/Prohibition to be provided to the clerk of court via certified mail, return receipt requested #7004-1160-0006-6939-3485 by placing such in the inmate legal mail system on 10/25/13, addressed to: First Circuit Appeals Court, Attn. Clerk of Court, 1 Courthouse Way, Suite 2500, Boston, MA 02210.

_____
Brian E. Mahoney

## AFFIDAVIT OF BRIAN E. MAHONEY

COUNTY OF MIDDLESEX          §
STATE OF MASSACHUSETTS       §

I, Brian E. Mahoney, being over the age of 18 and competent, do depose and declare that I am detained civilly at FMC Devens and that the foregoing is true and correct, under penalty of perjury, pursuant to federal law(s) 28 U.S.C. § 1746 and 18 U.S.C. § 1621:

1. Affiant attests he is the petitioner in this "Petition for a Writ of Mandamus/Prohibition", and that all facts contained herein are true and correct, to the best of affiant's knowledge and all evidence contained in Exhibit "1".

2. Affiant attests Dr. Shawn Channell has copied false information provided to him by State of New Hampshire officials, in violation of Rule 702 of the Federal Rules of Evidence and 18 U.S.C. §§ 1621 & 1622.

Further, affiant sayeth naught:

10/25/13

_____
Brian E. Mahoney

# EXHIBITS



Taken at the Strafford County House of Correction on 1/07/07, by Booking officer c/o Fournier and witnessed by Sgt Beauchens   10 Am



Taken at the Strafford County House of Correction by C/O Fournier on 1/07/07, in the Booking Room. Witnessed by Sgt. Bracket. 10 AM

Celvena Photo's



Taken at Strafford County House of Corrections on 1/07/07, by C/O FORINER Booking officer. Witnessed by Sgt. Brackes 10AM
Evidence Photo

**U.S. Department of Justice**
United States Marshals Service

## REPORT OF INVESTIGATION

Page 1 of 2

| 1. FID: | 2. DATE OF REPORT: 08/09/2011 | 3. REPORTED BY: BARTLETT, DOUG |
| --- | --- | --- |
| CASE: | | AT: 049 |

4. SUBJECT NAME: MAHONEY, BRIAN EDWARD

5. TYPE OF REPORT:
[ ] REPORT OF ELECTRONIC INTERCEPTION
[ ] COLLATERAL LEAD
[x] WITNESS INTERVIEW (USM1 380189)
[ ] OTHER
[ ] ARREST
[ ] INTELLIGENCE UPDATE
[ ] MEMORANDUM TO FILE

On 08/08/2011, DUSMs Bartlett and Murano went to 14 Adelle Dr., Dover, NH to interview Kimberlee Delisle concerning Brian MAHONEY and where he resided in 2010. DUSMs Bartlett and Murano arrived at approximately 11:30 and found Ms. Delisle at her residence. Ms. Delisle allowed the DUSMs inside to talk.

Ms. Delisle said that MAHONEY came to live with her when he got out of jail in August of 2009, (she originally said 2010, but corrected herself when she put other dates in order). She said that they spent Christmas together. Ms. Delisle said he lived there until he moved to Hampton, NH to stay in a motel.

Ms. Delisle said that he didn't stay with her again after he moved to Hampton. Ms. Delisle went on to say, the reason MAHONEY moved out was because she is on section 8 housing and she couldn't have someone live with her for more than 2 weeks.

Later in the conversation she said he was at her house on August 19, 2010 because he had a heart attack, and EMS was called to transport him to the hospital. Ms. Delisle then said MAHONEY must have stayed for maybe 5 days to recover, but that he was gone for September and October.

Ms. Delisle said that after she asked MAHONEY to leave in the Spring/Summer of 2010, she helped move him into a motel in Hampton, NH. She then helped him move into a motel in Rye, NH after MAHONEY had issues with the police in Hampton. Ms. Delisle said that she would go hang out with him at both locations.

Ms. Delisle said she didn't know where MAHONEY was staying during the fall of 2010. She said that he was transient for some of it, staying under bridges, in the woods or with friends. She said he might have stayed at his school ("Wentworth Institute") in Boston.

Ms. Delisle said she knows that he didn't live with her in the fall of 2010, because her son Dan Delisle doesn't like MAHONEY, and that Dan comes over 3-4 times a week for dinner. She said that Mr. Delisle and MAHONEY were living at her residence in the winter to early spring of 2010. But issues arose between them, and Mr. Delisle moved out around April of 2010, and shortly after that MAHONEY moved to the Hampton address.

Ms. Delisle said that MAHONEY was at her house the first time that the US Marshals came to her house looking for him. She thought that was around 11/01/2010.

She said that she told the US Marshals that he wasn't there. Ms Delisle said that the US Marshals didn't search and that she then took MAHONEY to the UNH train station.

Ms. Delisle also said that she brought him to Massachusetts on 11/03/2010, and that she was supposed to pick him up in Boston on 11/04/2010, but that was the day he got arrested.

| 6. SIGNATURE (Name and Title) | 7. DATE 08/09/2011 8:09 AM EDT | 10. DISTRIBUTION _ DISTRICT _ HEADQUARTERS _ OTHER |
| --- | --- | --- |
| DOUG BARTLETT Deputy USM | | |
| 8. APPROVED (Name and Title) | 9. DATE 08/09/2011 11:01 AM EDT | |
| EUGENE ROBINSON Criminal Investigator | | |

UNITED STATES MARSHALS SERVICE
THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE NEITHER IT NOR ITS CONTENT MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED.

08/09/2011 11:03 AM EDT
Mahoney-000427

U.S. Department of Justice
United States Marshals Service

## REPORT OF INVESTIGATION

Page 2 of 2

| 1. FID CASE | 2. DATE OF REPORT: 08/09/2011 | 3. REPORTED BY: BARTLETT, DOUG AT: 049 |
|---|---|---|
| 4. SUBJECT NAME: MAHONEY, BRIAN EDWARD | | |

Instead MAHONEY called Ms. Delisle and told her to get all his stuff out of the Wentworth school locker. Ms. Delisle said she didn't go do it because she doesn't like to drive in Boston.

Ms. Delisle said that she continues to receive phone calls from MAHONEY and that she visits him at the jail. Ms Delisle said that she feels that MAHONEY has been trying to tell her how to testify. She said that he has been doing it through innuendo. Ms. Delisle said that MAHONEY will tell her things like:

Remember how I lived with you.
Remember how I went for the appointment about my thumbs.

UNITED STATES MARSHALS SERVICE
THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE NEITHER
IT NOR ITS CONTENT MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

UNITED STATES COURT OF APPEALS
FIRST CIRCUIT APPEALS COURT

2013 NOV 14 P 12:30

| | | |
|---|---|---|
| IN RE: BRIAN E. MAHONEY, | ) | |
| Petitioner, | ) | |
| vs. | ) | Civ. No. 13-CA-2399 |
| UNITED STATES DISTRICT COURT, DISTRICT OF NEW HAMPSHIRE | ) ) | |
| UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS | ) | |
| Respondent(s). | ) | |

## MOTION TO PROCEED IN FORMA PAUPERIS

NOW COMES Petitioner, Brian E. Mahoney, whom is an indigent "civil" detainee, held at FMC Devens in Ayer, Massachusetts, and files this, his Motion to Proceed In Forma Pauperis, pursuant to rights secured by 28 U.S.C. § 1915(g), and would show the Honorable Court as follows:

### FACTS

Petitioner Brian E. Mahoney is an indigent "civil" detainee, held on facially illegal and invalid documents, and attaches proof of his indigency as Exhibit "A".

### ARGUMENT

Petitioner does not have the funds to pay the filing fee, and submits his petition has merit, and that he is in "imminent danger", see Exhibit "B" attached, see: Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998), Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998) and Baze v. Rees, 553 U.S. 35, 50 (2008).

During the course of all government action Petitioner was brutally assaulted and had his arm and ankle shattered, see: Exhibit "B". Following this, the Respondent(s) and their "agents" and "participants" have contacted FBOP staff and instructed them to harass and "torture" Petitioner, 18 U.S.C. § 2340, which includes Administrative Detention, by fraud, in opposition to 28 C.F.R. § 541.22.

## CONCLUSION

WHEREFORE, premises considered, Petitioner Brian E. Mahoney does file this, his Motion to Proceed In Forma Pauperis on attached Petition for a Writ of Mandamus/Prohibition, and would move the Honorable Court to GRANT this motion for all sound reasons asserted herein, and take judicial notice of "imminent danger" claims, pursuant to Rule 201 Federal Rules of Evidence.

10/25/13                                       Respectfully Submitted,

                                               *Brian E. Mahoney*
                                               Brian E. Mahoney
                                               Reg. No. 12232-049
                                               FMC Devens
                                               P.O. Box 879
                                               Ayer, MA 01432
                                               Petitioner Propria Persona