UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES

v.                                                    11-CR-06

BRIAN MAHONEY

DEFENDANT'S RESPONSE TO ORDER OF
DECEMBER 4, 2013

Counsel for Brian Mahoney responds to this court's Order of December 4, 2013 as follows:

A. THE ISSUE

1. On November 11, 2013, defendant Brian Mahoney filed a *pro se* motion for leave to file a *pro se* request for discharge pursuant to 18 U.S.C. §4247(h). Mr. Mahoney is currently subject to two orders of commitment:

-The first, which is not at issue in Mr. Mahoney's *pro se* filing, is this court's order of pretrial detention. See Docket Document No. 7.

-The second, which Mr. Mahoney now challenges, is a commitment issued under 18 U.S.C. §4246 for a risk assessment and possible civil commitment. See, Docket Document No. 150 (Order of February 21, 2013). Pursuant to this order of commitment, Mr. Mahoney is confined at FMC Devens.

2. As Mr. Mahoney correctly points out in his *pro se* filing, 18 U.S.C. §4247(h) allows a party to file a motion, in the court that issued an order of commitment under §4246, seeking a discharge from that order.

3. Although the government has filed a petition for civil commitment under §4246 in the District of Massachusetts, see, United States v. Brian Mahoney, U.S District Court for the

District of Massachusetts, 13-cv-11530-PBS ("the Civil Commitment case"), that court has not issued any order of commitment.  Therefore, as undersigned counsel understands it, Mr. Mahoney is presently an inmate at FMC Devens solely because of this court's order of commitment under §4246.

4. Presumably, if Mr. Mahoney were discharged from the order of commitment under §4246, he would then be eligible to seek pretrial release, on reasonable conditions, pursuant to the Bail Reform Act, 18 U.S.C. §3142.

5. On December 4, 2013, this court requested counsel for both parties to respond to Mr. Mahoney's *pro se* request.

B. <u>PERSPECTIVE</u>

6. Mr. Mahoney's *pro se* motion must be viewed through a wide lens.  Mr. Mahoney was arrested for this offense on February 4, 2011, almost three years ago.  He was arrested even earlier, on or about November 5, 2011, and held by the Commonwealth of Massachusetts on related charges.  Since that time he has been continuously incarcerated in jails and prisons. Among the worst aspects of his incarceration has been the uncertainty of when he will be released.

7. Three years of pretrial incarceration might be reasonable, if nonetheless noteworthy, were the underlying charge likely to result in long-term imprisonment, or if the facts of the case were extraordinarily complex.  But in this case, Mr. Mahoney is accused of a SORNA violation (18 U.S.C. §2250(a)) with an advisory Guidelines offense level of 16 (USSG §2A3.5(a)) on the grounds that he allegedly lived in Massachusetts for less than two weeks without re-registering

as a sex offender.[1]  Even that allegation may be difficult to prove because (a) the government has

no proof of the address(es) where Mr. Mahoney allegedly established new residence(s) in

Massachusetts and (b) the government cannot say whether Mr. Mahoney traveled back and forth

to New Hampshire for one or more overnights during his few days in Massachusetts (and this is

not a bizarre contention seeing as Mr. Mahoney was arrested while boarding a train to New

Hampshire).

   8.  Even so, Mr. Mahoney's lengthy pretrial incarceration while presumed innocent

would be reasonable if his underlying sex offense was recent or if he had a recent history of

sexual misconduct.  This would suggest a possible public safety concern an order of magnitude

greater than that involved with the pretrial release of a frequent misdemeanant.  However, Mr.

Mahoney's sole conviction for a sex offense was thirty years ago in 1983 and, despite all of his

encounters with law enforcement since that time, he has never again been accused of committing

a sex offense.

   C.  THE PRESENT STATUS OF THE CASE

   9.  Mr. Mahoney was found incompetent and non-restorable.  On February 21, 2013 (ten

months ago), this court committed Mr. Mahoney to the custody of the Attorney General for a risk

assessment to determine whether he should be civilly committed.  See, 18 U.S.C. §4241(d) and

4246.  This court specifically urged the Attorney General to act as quickly as possible in light of

Mr. Mahoney's prolonged incarceration:

---

   [1]The indictment alleges a broader time frame.  However, Mr. Mahoney's debit card
records, which were obtained by the government, show continuous activity in New Hampshire
until approximately October 22, 2010, followed by a burst of activity in Massachusetts that
continued until approximately November 5, 2010.   The dates are approximate because it is
unclear whether the transactions are posted on the date of the event or shortly thereafter.
Presumably, if this case ever went to trial the government would present expert testimony so that
the jury could learn precisely how many days Mr. Mahoney *may* have been in Massachusetts.

As this prosecution and the competency and restoration evaluation periods have involved protracted periods of pretrial detention for the defendant, the court expresses its earnest hope that the Attorney General will initiate and complete its § 4246 risk assessment as expeditiously as possible observing sound medical and psychiatric practices and principles.

Order of February 21, 2013 at p. 3.

10.  Instead of proceeding expeditiously, the Attorney General, acting through the Warden of FMC Devons, waited four and half months to file a petition for a civil commitment in the U.S. District Court for the District of Massachusetts.  While four and a half months might seem, at first blush, an arguably reasonable time for a thorough risk assessment, Mr. Mahoney had been at FMC Devens, under the watchful eyes of his risk assessors for a full year before the risk assessment was completed.  He had been found not competent to stand trial on June 29, 2012 and committed at first for restoration and later for a determination of restorability.

11.  Mr. Mahoney's civil commitment proceeding in the District of Massachusetts has not proceeded expeditiously due to (a) a change from appointed to retained counsel, (b) the withdrawal of retained counsel, (c) a request for self-representation, and (e) other procedural issues unrelated to the merits of the petition for civil commitment.  As of this writing, there are no hearings scheduled in the case.  The last judicial order in the case, issued on November 25, 2013, indicated that counsel would be appointed to brief the legal question of whether an incompetent criminal defendant may represent himself *pro se* in a civil commitment proceeding brought pursuant to 18 U.S.C. §4246.  See, Civil Commitment Docket Document 49.

C.  NEXT STEPS

12.  At some point in the reasonably determinate future, this criminal case should be dismissed either on the government's motion or by the court, without prejudice, due to the government's present inability to proceed in light of the finding of incompetency and non-

restorability.  Undersigned counsel has not sought dismissal to date, but as Mr. Mahoney prepares to spend a fourth consecutive Christmas as a pretrial detainee, such a motion appears more and more reasonable.

13.  As Mr. Mahoney has argued in his *pro se* filing, 18  U.S.C. §4247(h) empowers this court to grant a discharge from its order of February 21, 2013 committing Mr. Mahoney to the custody of the Attorney General for a risk assessment under 18 U.S.C. §4246.  Mr. Mahoney's voice should be heard on this issue and, therefore, undersigned counsel urges the court to grant Mr. Mahoney's motion for leave to be heard *pro se* on this limited issue.  Undersigned counsel also believes that Mr. Mahoney should have the opportunity to be heard orally, via videoconference or in person.

14.  However, if Mr. Mahoney's commitment under 18 U.S.C. §4226 is vacated, he would still be detained on the criminal charge in this case.  We that to occur, undersigned counsel would work with Mr. Mahoney in an effort to quickly develop a reasonable plan for pretrial release.  If this court later determines that Mr. Mahoney is competent, the criminal case may proceed.  If not, the criminal case will need to be dismissed.

Respectfully submitted,


December 11, 2013                       /s/ Andrew R. Schuman               ,
                                        Andrew R. Schulman, Esq.
                                        GETMAN, SCHULTHESS
                                         & STEERE, P.A.
                                        1838 Elm Street
                                        Manchester, New Hampshire 03104
                                        603/634-4300
                                        NH Bar 2276

5

CERTIFICATE OF SERVICE

I, Andrew R. Schulman, hereby certify that I have mailed a copy of this motion to all counsel of record on December 11, 2013 via the Court's ECF facilities.

/s/Andrew R. Schulman                     ,
Andrew R. Schulman