UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES

v.                                                                          11-CR-06

BRIAN MAHONEY

DEFENDANT'S MOTION FOR AN
EVIDENTIARY HEARING TO DETERMINE
WHETHER HE IS PRESENTLY COMPETENT

Defendant Brian Mahoney moves this court to schedule an evidentiary hearing for the

purpose of determining whether he is presently competent to stand trial and/or enter a plea of

guilty in this matter.

Mr. Mahoney has moved separately for additional relief that is closely associated with

this motion, i.e. for:

(a) Payment for services other than counsel under the Criminal Justice Act to retain

forensic psychiatrist Albert Drukteinis, MD, JD to perform a competency evaluation and to opine

on (i) Mr. Mahoney's present competency *vel non,* (b) whether Mr. Mahoney may be restorable

to competency in the event that he is not presently competent and (c) what medications and

treatment, if any, could assist Mr. Mahoney remain competent or regain his competency.  See,

Defendant's Motion For Services Other Than Counsel (filed this date).

(b) An order issued under 18 U.S.C. §4247(h) discharging Mr. Mahoney from this court's

February 21, 2013 order (Docket Document No. 150) committing him to the custody of the

Attorney General for the purpose of undergoing a risk assessment and possible civil

commitment.  See, Defendant's Motion For Discharge Under 18 U.S.C. §4247(h).

In support of this motion, defendant Brian Mahoney states as follows:

I. <u>Pertinent Procedural History</u>

1. <u>Pertinent Procedural History</u>:  Three years ago, on January 19, 2011, Mr. Mahoney was indicted for failing to register as a sex offender in violation of 18 U.S.C. §2250(a).

2. A year and a half ago, on June 29, 2012, this court found Mr. Mahoney incompetent to stand trial.  See, <u>Docket Document 107</u>.  This finding was affirmed by the First Circuit.  See, United States v. Mahoney, 717 F.3d 257 (2013), cert. den. 134 S.Ct. 470 (2013).

3. Approximately one year ago, on February 21, 2013, this court found that Mr. Mahoney was not restorable to competency.  See, <u>Docket Document 150</u>.  He was then committed to the custody of the Attorney General for the purpose of undergoing a risk assessment and possible civil commitment under 18 U.S.C. §4246.

4. Approximately seven months ago, the government filed a petition for civil commitment under 18 U.S.C. §4246 in the U.S. District Court for the District of Massachusetts. See, <u>United States v. Brian Mahoney, 13-cv-11530-PBS</u>.  The petition was filed in the District of Massachusetts because Mr. Mahoney was, and remains, incarcerated at the Federal Medical Center in Devens, Massachusetts.[1]

5. Shortly after the civil commitment proceeding was filed, the federal defender appointed for Mr. Mahoney opined that he was likely competent.  See, <u>Transcript of Status Conference held on August 20, 2013</u>, at p. 7 ("…I would say, in the range of clients that I've represented, he does meet the criteria for competency. He's well-oriented. …").  Following a status conference, the judge presiding over the civil commitment proceeding suggested (a) allowing an independent forensic psychiatrist to opine not only on future dangerousness but also

---

[1]For the sake of readability, docket entries in the District of Massachusetts civil commitment proceeding will be cited as "District of Massachusetts Docket Document No."

on competency to stand trial, <u>Id.</u>, at p. 14 ("Dr. Reid is well known to the Court, if she says that he's competent, it may be he's been brought into competency, or it may be that a drug could bring him into competency.") and (b) the court could then either reconsider the issue of competency directly or send the issue back to this court. <u>Id.</u>, at pp. 12-13.

6.   Although raised by counsel and the court, the issue of Mr. Mahoney's *present* competency was never addressed in the civil commitment proceeding:

-Mr. Mahoney's federal defender withdrew after Mr. Mahoney retained private counsel and objected to the particular expert requested by the federal defender.  <u>See</u>, District of Massachusetts Docket Documents 38 (appearance of private counsel), 39 (motion to vacate request for appointment of expert) and 40 (motion to withdraw by federal defender).

-The government objection to reaching the issue of competency to stand trial.  <u>See</u>, District of Massachusetts Docket Document 24.

-Mr. Mahoney's retained counsel withdrew due to a "breakdown in communication between counsel and the respondent."  <u>See</u>, District of Massachusetts Docket Document 24 (motion to withdraw) and 49 (order granting same).

-Mr. Mahoney requested to appear pro se.  <u>See</u>, District of Massachusetts Docket Document 60 (motion to appear pro se) and <u>Transcript of hearing of November 22, 2013</u> at p. 8 ("…I think it's almost imperative that I represent myself pro se. …").[2]  The court appointed counsel for Mr. Mahoney for the purpose of (a) briefing the question of whether an individual who has been found incompetent under 18 U.S.C. §4241 may represent himself in connection

---

[2] The transcript of the November 22, 2013 hearing is not publicly accessible by pacer.  It was, however, attached to the government's recently filed objection *in this court* to Mr. Mahoney's *pro se* motion for discharged under 18 U.S.C. 4247(h).  <u>See</u>, <u>New Hampshire docket document 177, attachment 1</u>.

with a civil commitment proceeding held under 18 U.S.C. §4246 and (b) representing Mr.

Mahoney generally in the civil commitment proceeding.  See, Massachusetts Docket Documents

62 and 66.

-The judge presiding over the civil commitment proceeding opined, at the last transcribed

conference, that the issue of Mr. Mahoney's competence was no longer under consideration

because he had rejected the assistance of the appointed forensic psychiatrist.  See, Transcript of

November 22, 2013 hearing at p. 23:

> …[A]s far as I'm concerned, the only thing I have standing is a report from a
> United States District Court Judge and on appeal that he's incompetent; and since
> he declined to have Dr. Reed interview him, I have no other evidence, so as far as
> I'm concerned, he's incompetent.
>
> Now, at some point, as we all know, if he's brought back into line with lithium or
> whatever once I've civilly committed him, if that's what I end up doing, then
> maybe he could challenge competency again, but right now he's incompetent for
> purposes of the record, and that's all I'm dealing with is dangerousness.

7.  The District of Massachusetts has not yet scheduled a trial in the civil commitment

proceeding.  The next scheduled event is a status conference to be held on February 25, 2014,

with Mr. Mahoney attending.  See, Massachusetts Docket Document 67.

II.  Facts And Argument

8.  Whether a criminal defendant is mentally competent to stand trial depends on (a) his

or her *current* mental abilities and (b) his or her amenability to treatment.  Thus, the fact that Mr.

Mahoney was found incompetent to stand trial a year ago is not dispositive of the question of

whether he is functionally competent to stand trial *today*.

9.  Likewise, this court's year old finding of non-restorability is not *res judicata* as to Mr.

Mahoney's *present* competency to stand trial in this or any other case.  It is an interlocutory

order that may be revisited based on changed circumstances.

10.  Because the question of Mr. Mahoney's competency in this case has always been a close call, not much in the way of changed circumstances should be required to trigger a renewed intquiry into his *present* ability to stand trial:

A.  Mr. Mahoney's initial appearance was held on January 19, 2011.  The case progressed as a normal criminal case, without counsel or the court raising a competency concern for approximately 90 days.  That the question of competency could elude defense counsel, the court, and the government for so long demonstrates that it was not immediately obvious.

B.  Nobody has ever suggested that Mr. Mahoney suffers from any form of psychosis or from any hallucinations.  He has been diagnosed with bi-polar disorder (a mood disorder) and, more recently and questionably, anti-social personality disorder.

C.  There has never been any question concerning Mr. Mahoney's intelligence or his understanding of the proper roles of the courtroom participants.

D.  The issue of competency was first raised in this court, by prior counsel for Mr. Mahoney, on April 22, 2011.  This led to a forensic evaluation by Dr. Miriam Kissin, Psy.D.  Dr. Kissin specializes in forensic psychology and is employed by the Bureau of Prisons at the Federal Medical Center in Devens, MA.  She met extensively with Mr. Mahoney, reviewed his medical treatment records from other institutions and opined that he was indeed competent to stand trial:

> Mr. Mahoney's thought process was logical and goal directed. He was mildly grandiose in respect to his perceived legal acumen, but did not evidence delusional ideas or other thought disorder. Although no formal cognitive testing was performed in light of his current capacity for appropriate interpersonal interactions and apparent independent functioning in the community and at this institution, Mr. Mahoney's cognitive functioning is assessed to fall at least in the Average range of intelligence.

> Kissin Evaluation at p. 9.

* * *

Mr. Mahoney presents with a history of mood instability and antisocial personality traits.  Nevertheless, he had remained generally functional in the community, maintaining steady employment before sustaining physical injuries, and engaging in interpersonal relationships.  … However, he continues to exhibit some mood symptoms, specifically ongoing hypomania, marked by pressured speech, excitability and quick succession of thoughts and ideas. Notably, these persistent symptoms appear to be chronic in nature.

Mr. Mahoney has not reported or presented with acute distress, and has remained socially and interpersonally functional. There is no indication of that would undermine his social or interpersonal functioning. Furthermore, he did not evidence any notable cognitive impairment, either in the form of problems in adaptive social functioning or his capacity to provide historical information about himself and his legal case.  As such, it does not appear that cognitive impairment represents an obstacle to Mr. Mahoney's capacity for active and effective participation in his legal case.

Mr. Mahoney has a factual understanding of his legal case.  He was able to accurately identify his charges and articulate the allegations against him. He provided a reasonable estimate of the severity of his charges and potential consequences he may face if found guilty.  Mr. Mahoney was able to discuss relevant information regarding his case, and expressed motivation to attain the most favorable resolution to his case. Despite his considerable and clamorous preoccupation with the idea that he has been unjustly accused, his opposing perspective on the issues relevant to his case to that of his attorney and the government, and the questionable viability of the legal course he has chosen to pursue, the information Mr. Mahoney related about his case did not appear to be rooted in disordered thinking or other symptoms of a mental illness. In regard to general criminal case proceedings, Mr. Mahoney was able to accurately the various participants in a trial process and describe their respective roles with a fair degree of sophistication. He was also able to describe the elements and procedures of a criminal trial process. While his estimation of his superior legal acumen, as compared with that of trained attorneys may be questionable, Mr. Mahoney did appear to have pursued a significant amount of research regarding his case, and related relevant information he had gathered. Furthermore, Mr. Mahoney exhibited a capacity to consider available information for the purpose of making case-related decisions regarding testimony and plea options.

* * *

In conclusion, based upon the available information, it is my opinion that despite his apparent chronic mood symptoms, Mr. Mahoney's competency-related skills are not significantly compromised by symptoms of a serious mental illness, such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Kissin Evaluation at pp. 15-16.

(E)  Following the receipt of Dr. Kissin's evaluation, Mr. Mahoney's prior counsel requested a second opinion from Dr. Eric Mart, a forensic psychologist in private practice.  Dr. Mart agreed that Mr. Mahoney has "at least average intellectual abilities, and he may actually fall into the high average range."  Mart Report at. P. 5.  Nonetheless, Dr. Mart opined that Mr. Mahoney was incompetent due to Bi-Polar Disorder with psychotic features.  Dr. Mart's opinion was grounded, in part, on Mr. Mahoney's expressed belief in a possible conspiracy between the judge in this case and his prior defense lawyer.  Mart Report at p. 4.  Dr. Mart concluded that, due to his illness, Mr. Mahoney could not consult with counsel in a rational manner.  Mart Report at pp. 5-6.

(F) A competency hearing was held during which both doctors testified.  Mr. Mahoney was permitted to ask several questions of Dr. Kissin.  In the words of this court, Mr. Mahoney "presented himself in a very agitated state, and while he appeared to generally understand what was transpiring, he exhibited serious misunderstandings of several procedural and constitutional concepts."  See, Docket Document 107, at p. 1.

(G)  This court ultimately found that Mr. Mahoney was incompetent because he lacked , the ability to assist in the defense of his case.  See, Docket Document 107 at pp. 2-3.

(H)  Six months after finding Mr. Mahoney incompetent, this court found that he was not restorable to competency.  This court relied heavily on the testimony and written evaluation of Dr. Shawn Channel, a forensic psychologist at the FMC Devens.  Dr. Channel opined that Mr. Mahoney's condition was largely unchanged since the initial determination of incompetency.

(I)  Approximately one year has passed since Dr. Channel's testimony and this court's finding of continued incompetency and non-restorability.

11.  Mr. Mahoney has recently written to undersigned counsel. He stated that he wishes to be found competent, to proceed through counsel and to finally resolve this criminal case. It has been almost one full year since this court considered the question of Mr. Mahoney's competency. As long as the government insists on keeping this an active and open prosecution, Mr. Mahoney is entitled to a judicial determination of his *present* ability to stand trial.

12.  It is true that Mr. Mahoney has, at times, been loud and disruptive in court.  This was the case at his initial competency hearing in June, 2013.  See, Docket Document 107 (this court, noting Mr. Mahoney's "acute mania, manifested by his pressured speech, loose associations and tangential thoughts expressed with ever increasing rapidity[.]"); District of Massachusetts Transcript of November 22, 2013 at p. 16 (noting that Mr. Mahoney was "very violent" and "combative" and had to be removed by five deputy Marshals).  However, if Mr. Mahoney is competent, any unruly outbursts can be dealt with in the ordinary course of business.  A disruptive litigant may be cited for criminal contempt of court or even, in an extreme case, removed from the courtroom and allowed to observe the proceedings by video.  See, Illinois v. Allen, 397 U.S. 337, 350, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970) ("a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom."); United States v. Ramirez, 495 F. Supp. 2d 92, 112, 2007 U.S. Dist. LEXIS 48842 (D. Me. 2007) (same).

12.  The Government Was Apprised Of This Motion And Has Not Assented:  On January 15, 2012, undersigned counsel wrote to AUSA Arnold Huftalen requesting the government's assent to this motion.  Attorney Huftalen responded that he wished to review the law and seek

input from the Bureau of Prisons.  Thus, the government reserves the right to object to this motion.

WHEREFORE, defendant Brian Mahoney moves this court to:

A.  Schedule an evidentiary competency hearing; and

B.  Grant such further relief as the court deems just and proper.

Respectfully submitted,

January 20, 2014                              /s/ Andrew R. Schuman                      ,
                                              Andrew R. Schulman, Esq.
                                              GETMAN, SCHULTHESS
                                               & STEERE, P.A.
                                              1838 Elm Street
                                              Manchester, New Hampshire 03104
                                              603/634-4300
                                              NH Bar 2276

CERTIFICATE OF SERVICE

I, Andrew R. Schulman, hereby certify that I have mailed a copy of this motion to all counsel of record on January 20, 2014 via the Court's ECF facilities.

/s/Andrew R. Schulman                      ,
Andrew R. Schulman