UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES | |
| v. | 11-CR-06 |
| BRIAN MAHONEY | |

DEFENDANT'S RESPONSE AND PARTIAL OBJECTION
TO THE GOVERNMENT'S MOTION TO DISMISS
WITHOUT PREJUDICE

Defendant Brian Mahoney responds as follows to the government's motion to dismiss without prejudice:

A. Mr. Mahoney assents to an order dismissing the indictment; but

B. Mr. Mahoney objects to an order stating that the dismissal is without prejudice. The dismissal should be with prejudice. In the alternative, and without waiving this position, the order of dismissal should be silent with respect to whether a later prosecution is barred.

C. Regardless of whether the motion to dismiss is granted, an evidentiary hearing on Mr. Mahoney's Motion For Discharge Pursuant To 18 U.S.C. §4247(h) (Docket Document 181) is still necessary.

I. The Motion To Dismiss

The government moves for dismissal under Fed. R. Crim. P. 48(a) "solely for reasons related to the mental condition of the defendant." This refers, no doubt, to this court's finding of February 21, 2013 (Docket Document No. 150) that Mr. Mahoney is incompetent to stand trial and not restorable.

The government's position would be unassailable but for the facts that (a) this court's findings are now over a year old, (b) Mr. Mahoney is currently and actively seeking a

redetermination of competency so that he can be brought to trial, (c) competency was always a close question in this case, and (d) Mr. Mahoney may be competent to stand trial today.  In brief:

-Mr. Mahoney suffers from a mood disorder rather than psychosis;

-Mr. Mahoney has always understood the nature of the charges, the role of all of the courtroom participants (i.e., defense counsel, prosecutor, witness, juror, and judge) and the purpose and structure of a trial;

-Mr. Mahoney has always had a rational understanding of the charges and proceedings;

-Mr. Mahoney was found incompetent mainly due to his inability to participate in his defense with counsel.

Thus, this court's order of February 21, 2013 is now stale to the extent that the government relies on it as proof of Mr. Mahoney's current mental condition.  If the government wishes to preserve the right to proceed against Mr. Mahoney once he regains his competency, it should join in Mr. Mahoney's motion for a redetermination of competency.  Alternatively, if the government simply wishes to end its pursuit of a conviction in this case for prudential reasons, it should do so without holding the threat of continued prosecution over Mr. Mahoney's head.

It bears noting that Mr. Mahoney has been detained without bail on this indictment, while presumed innocent, for more than three years.  The underlying facts, suggest that *at worst* he slept in Massachusetts at an unknown location or locations from October 22 to November 4, 2010 without changing his sex offender registration information (and he was arrested the following morning at North Station taking a train back to his home in New Hampshire). See, Discovery, pages 566-607 (bank records showing continuous debit card transactions in New Hampshire on an almost daily basis during the entire indictment period, except for the week and ahalf beginning on October 22).

Given all of the above, the government's motion to dismiss should be granted but only if the dismissal is with prejudice. In the alternative, the motion to dismiss should be granted without a statement as to whether a future prosecution for the same offense should be barred.

## II. Effect Of Dismissal On The Motion For Discharge

Mr. Mahoney has moved, pursuant to 18 U.S.C. §4247(h) for discharge from this court's commitment under 18 U.S.C. §4241. See, Docket Documents 150 (order of commitment dated February 21, 2013) and181 (motion for discharge from commitment). If this criminal case is dismissed, the only document keeping Mr. Mahoney in federal custody will be that order of commitment.

The government has filed a petition in the U.S. District Court for District of Massachusetts seeking to have Mr. Mahoney civilly committed under 18 U.S.C. §4246. See, United States v. Brian Mahoney, 13-cv-11530-PBS. However, that court has never issued an order of commitment or otherwise remanded Mr. Mahoney to the custody of the Attorney General. It has made no findings as to Mr. Mahoney's mental condition or dangerousness.

18 U.S.C. §4247(h) requires that a motion for discharge be brought in the court that issued the order of commitment. Therefore, this court is the only court with jurisdiction to decide the issue.

Mr. Mahoney plans to supplement his motion for discharge. In addition to the grounds stated in the motion, if the indictment is dismissed the government will lack both statutory and Constitutional jurisdiction to incarcerate Mr. Mahoney. This is so because there is a readily available state procedure for his care and custody. In general, the federal government's power to civilly commit an individual who is no longer facing criminal charges is derived from the Constitution's "necessary and proper" clause. See e.g., United States v. Comstock, 560 U.S. 126

(2010); United States v. Charters, 829 F.2d 479, 486 (4th Cir. 1987).  Both the Constitution and the relevant statute, 18 U.S.C. §4246 prohibit federal civil commitment if there is an available state placement.

If Mr. Mahoney meets the criteria for federal civil commitment, he would also necessarily meet the criteria for state civil commitment in New Hampshire pursuant to RSA 135-C:34:

-The federal standard requires proof by clear and convincing evidence that the respondent "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to proper of another."  18 U.S.C. §4246(d).

-The state standard requires proof, by clear and convincing evidence, In Re Sandra H., 150 N.H. 634, 640 (2004), that the respondent "is in such mental condition as a result of mental illness as to create a potentially serious likelihood of danger to himself or to others." RSA 135-C:34.

Thus, the State standard is broader than the federal standard because it permits civil commitment upon proof that the respondent is likely to be a danger to himself.  Under the federal standard, a respondent who is a danger to himself, but not others must be released.  Further, a higher degree of danger to others is required by the federal statute because the only relevant dangers are "bodily injury" and "serious damage to property."

Pursuant to RSA 135-C:35, a petition for civil commitment may be filed in the New Hampshire Probate Court by any responsible party.  As a practical matter, such petitions are filed on a regular basis by hospitals and physicians.  Thus, the federal authorities are free to avail themselves of this state remedy if they wish.

There is no question but that the New Hampshire Probate Court would have jurisdiction over Mr. Mahoney upon his discharge. First of all, he would be discharged from this court and physically present in New Hampshire. More important, he has been a continuous citizen and resident of New Hampshire since at least 2004. His alleged week and half sojourn to Massachusetts, where he never established a permanent residence or home would not divest the New Hampshire Probate Court from exercising personal jurisdiction over him.

Thus, in addition to the other reasons set forth in the Motion For Discharge, the ready availability of a state remedy requires this court to (a) schedule a hearing on the Motion For Discharge and (b) discharge Mr. Mahoney from this court's commitment of February 13, 2013.

Respectfully submitted,

February 27, 2014 /s/ Andrew R. Schuman ,
Andrew R. Schulman, Esq.
GETMAN, SCHULTHESS
 & STEERE, P.A.
1838 Elm Street
Manchester, New Hampshire 03104
603/634-4300
NH Bar 2276

CERTIFICATE OF SERVICE

I, Andrew R. Schulman, hereby certify that I have mailed a copy of this motion to all counsel of record on February 27, 2014 via the Court's ECF facilities.

/s/Andrew R. Schulman ,
Andrew R. Schulman

5